## No. 763.

### W. E. WAMSLEY vs. J. A. HUNTER ET AL.

Judgment can not be had on a debt not yet due and exigible.

A vendor who has guaranteed a good title to the property he has sold, can not collect the price of the sale from the vendee until he has made the title good.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *Pierson*, J.

*L. B. Watkins*, for plaintiff and appellant.

*Land & Taylor* and *William H. Wise*, for defendants.

The opinion of the court was delivered by

MANNING, C. J. This suit is upon three notes, which represent a part of the purchase-price of the "Wray and Boland Plantation," and for the enforcement of the vendor's privilege thereon. The plaintiff was the vendor. Hunter and Virgil A. Stewart were the vendees. The other defendant, William B. Stewart, is a surety.

The defendants excepted: First—That the petition discloses no cause of action. Second—That the notes sued on are not yet due.

First—The petition alleges the indebtedness by reason of the execution of the notes, sets forth their date, amount, and maturity, avers the existence of the vendor's privilege, states specifically the particular land that was sold, and concludes with a proper prayer. We are unable to perceive in what particular the petition was deficient of any allegation necessary to shew a cause of action.

Second—The last maturing note was not due until the tenth of November, 1873. The others matured in 1871 and 1872 respectively. The suit was filed in August, 1873, and service was made on the sixth of that month. The plaintiff could have omitted the last note from the suit, and prayed that the judgment should be for the two matured notes, and that the terms of sale should be for cash to the amount of those notes, and on a credit to correspond with the maturity of the third note, as they were all secured by the same mortgage. The trial did not take place until 1876, long after the third note had matured, but that did not justify a judgment upon it, as the plaintiff failed to amend his petition after the maturity of the note.

The defendants answer that the plaintiff obligated himself in the sum of seventy-five hundred dollars to execute a good title to them of the land, for the price of which these notes were given, and that he never complied with that obligation, and can not do it, because his vendors were not paid their price, and these vendors can foreclose their mortgage upon the land. In two supplemental answers they recite the commencement and prosecution of proceedings by the hypothecary creditors of plaintiff against the land, and allege the danger and almost certainty of eviction, and pray that if judgment be rendered against them for the amount of the notes, execution be stayed until the plaintiff shall comply with his obligation to give them a good title, or shall give security against the injury consequent upon their eviction from the land. They also allege that the sale made by the plaintiff to them is liable to dissolution, and pray that the sale be rescinded, and they be restored to the condition they were in when it was made.

There was never any sale by plaintiff to defendants of the Wray and Boland tract of land except that which resulted from the promise or engagement to sell contained in the bond, and his inability to perfect the title is now beyond dispute. The land was eventually sold under the mortgage given by plaintiff to his vendor, and the defendants were evicted. The plaintiff is dead, and his estate is insolvent. There was judgment in favor of the administrator of the plaintiff for the amount of the three notes and interest, but execution was perpetually stayed unless the plaintiff's representative shall execute a good title to the defendants.

We think the defendants are entitled to judgment in their favor upon the moneyed demand, and to a reservation of their right to pursue the plaintiff's succession for such damages as they have suffered by non-fulfillment of the obligation of his bond.    Therefore

It is ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that the defendants have judgment against the plaintiff's administrator upon the notes, disallowing and rejecting the same, and that their right to a future action for damages for non-fulfillment of the decedent's bond is reserved; the plaintiff and appellee to pay costs of both courts.