No. 2679

Second Circuit

PALMER v. MANN

(July 1, 1929.  Opinion and Decree.)
(October 1, 1929.  Rehearing Refused.)

**440**

Atkins & Meadors, of Homer, and W. D. Goff, of Arcadia, attorneys for plaintiff, appellee.

Galloway & Johnson, of Shreveport, attorneys for defendant, appellant.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Leonard Palmer, sued defendant, E. C. Mann, to recover judgment for $500, with legal interest thereon from judicial demand, on a check for that sum signed by the defendant, dated May 6, 1925, drawn on the Homer National Bank of Homer, La., in favor of plaintiff, and payment of which was stopped by defendant.

The defense is that the check was obtained by fraud and misrepresentation and that defendant received no consideration therefor; that on May 6, 1925, defendant sold to plaintiff a one ninety-sixth of all oil and gas produced from the S.E.¼ of N.E.¼ of section 13, township 10 north, range, 1 east, in La Salle parish, La., and obtained the check as the price thereof by falsely representing to defendant that he had a good title to the property sold, which title was not yet of record, but would be received by plaintiff from his vendor that day, and that plaintiff would execute and put on record immediately a deed to defendant of the property sold and would also immediately put on record

his own title; that plaintiff represented to defendant that one J. A. Bonham owned a like interest as plaintiff was selling to defendant, and that Bonham would begin drilling a well on the land for oil or gas on or before May 24, 1925, in order to prevent forfeiture of the lease of the land, which lease provided that it should become null and void unless drilling were begun on the leased premises on or before that date; that plaintiff never acquired ownership of the property he sold defendant; and that on June 17, 1925, plaintiff's vendor, J. H. Askew, the original lessee of the land, acknowledged that his rights under the lease had been forfeited for noncompliance by him with the terms of the lease.

On these issues the case was tried, and there was judgment in favor of the plaintiff and against the defendant as prayed for by the former, and the defendant appealed.

## OPINION.

The evidence does not establish the fraud or misrepresentation alleged by defendant. On these issues defendant swears positively one way and plaintiff swears equally positively the other. Defendant's testimony is set off by that of plaintiff, and the burden being on defendant to establish the facts alleged by a preponderance of the evidence and the burden not being discharged by him, the charges of fraud and misrepresentation fall.

But the evidence makes it clear that the consideration for which the check was given failed.

The check was given in payment for a one ninety-sixth share of all oil and gas that might be produced from the S.E.¼ of N.E.¼ of section 13, township 10 north, range 1 east, in La Salle parish, La., under a lease of that land which stipulated that

the lease should be void if drilling for oil and gas were not begun on or before May 24, 1925. At the time plaintiff obtained the check, he informed defendant that, while he did not then have a title to the property sold on record, a title to him had been executed and was in transit to him and would be received and put on record in due course of mail.

A transfer from plaintiff to defendant of the property sold was executed on May 8, 1925, and filed for record on the same day.

No title to plaintiff to the property was ever put on record, except that on November 25, 1925, there was filed for record a sale from J. H. Askew to plaintiff a one ninety-sixth interest in and to that certain oil, gas, and mineral lease executed by H. W. King of La Salle parish, La., in favor of J. H. Askew, agent, of Caddo parish, La., on the S.E.¼ of N.E.¼ of section 13, township 10 north, range 2 east.

If it be conceded that this act transferred to plaintiff the same property that plaintiff transferred to defendant, notwithstanding in the transfer to defendant the leased land is declared to be in range 1, while in the transfer to plaintiff it is said to be in range 2, it appears from the evidence that the lease was forfeited on May 24, 1925, by the failure of the lessee to drill on the leased premises for oil or gas on or before that date.

The owners of the S.E.¼ of N.E.¼ of section 13, township 10 north, range 1 east, in La Salle parish, La., were H. W. King and others, and on April 11, 1925, they granted to J. H. Askew, agent, a lease of the land for oil and gas exploitation. This lease stipulated that it should be void if drilling operations were not begun on or before May 24, 1925.

By Act dated June 17, 1925, filed for record on June 25, 1925, and recorded June 29, 1925, in Book K at page 504 of the Conveyance Records of La Salle parish, La., J. H. Askew, after reciting the lease from King and others to him, declared:

"The said J. H. Askew further declared that he does hereby release, assign, set over and quitclaim any interest that he may have by virtue of said lease in the above described land, unto M. H. King et al. (the parties lessor) and warrants that he will never attempt to set up any claim to said land through said lease. This release granted and signed as an acknowledgement of forfeiture of the above lease as failure of the said J. H. Askew in carrying out his part of the above lease and drilling contract, and for the purpose of serving notice to the public that the above lease has become a nullity."

Plaintiff not being the owner of the property he sold defendant, the sale was null.

"The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person." Civil Code, art. 2452.

And, under the circumstances, the defendant was justified in stopping payment of the check.

"If the buyer is disquieted in his possession, or has just reason to fear that he shall be disquieted by an action of mortgage, or by any other claim, he may suspend the payment of the price until the seller has restored him to quiet possession or caused the disturbance to cease, unless the seller prefer to give security. There is an exception to this rule, when the buyer has been informed, before the sale, of the danger of eviction." Civil Code, art. 2557.

"A vendor who has guaranteed a good title to the property he has sold, cannot collect the price of the sale from the vendee until he has made the title good." Wamsley vs. Hunter, 29 La. Ann. 628.

If plaintiff desired to hold defendant for the price of the sale, he should have per-

fected the title he transferred before the lease became void because of the lessee's failure to comply with its conditions. This plaintiff did not do, and consequently the consideration for the check failed.

It is therefore ordered, adudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the plaintiff's demands be rejected and his suit dismissed at his cost.