# NEW ORLEANS FLOUR INSPECTORS *v.* GLOVER.

## PETITION FOR A REHEARING.

No. 88.   Received January 11, 1896. — Decided March 2, 1896.

The decree dismissing the appeal in this case, (160 U. S. 170,) is vacated, and the decree below reversed without costs to either party, and the cause remanded with directions to dismiss the bill.

THE case is stated in the opinion.

*Mr. J. R. Beckwith* submitted for petitioners on their petition.

Mr. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill filed by complainants June 19, 1891, in the Circuit Court of the United States for the Eastern District of Louisiana against the Board of Flour Inspectors for the Port of New Orleans and the individual members thereof, to enjoin the enforcement of a certain act of 1870 of the general assembly of Louisiana. The ground of equity interposition set up was want of adequate remedy at law, as indicated by the following averments: " Your orators show that they respectively each receive their large consignments of flour from other States of the Union almost daily, and, as each lot arrives at the port of New Orleans, the defendants claim and insist on the right and power to inspect the same on its arrival and to make such inspections compulsory and claim and demand their fees of two cents a barrel therefor on every barrel arriving, and if such fees are not paid the defendant board will bring a great multitude of suits and prosecutions under said statute to enforce its illegal claims; that as to each of your orators such suits will be each of small amounts, in inferior courts, and will be of great number, each arising out of almost daily inspections and involving large, constant, and daily expenses, many counsel fees, and much loss of time, vexation, annoyance, and irreparable injury; that there is no practicable method under the said act of 1870 or any other law of Louisiana of paying said fees to said board under protest and recovering the same; that such a course would involve for each of your orators a multiplicity of controversies and suits and great expense, loss of time, and vexation, and if each of your orators should recover judgments from time to time against the board for the return of such fees as unduly paid, they could have no judgments for their counsel fees, nor has the defendant board any fund or property whatever to respond to the same, nor is there any appropriation or provision of law to pay the same, and the collection of such judgments or any of them would be utterly impossible."

The court granted a preliminary injunction, on condition of bond being given for ten thousand dollars, enjoining defendants from enforcing the act of 1870 by "demanding any inspection of flour imported or brought to the port of New Orleans by complainants," and "from demanding from complainants by suit or otherwise any fees for compulsory inspection established by said law."

Defendants demurred, their demurrer was overruled, and, they electing to abide by it, a decree was entered January 25, 1892, perpetually enjoining defendants "from enforcing against the complainants or any of them, the act No. 71 of the extra session of the general assembly of Louisiana of the year 1870, by demanding any inspection of flour imported to the port of New Orleans for sale by the complainants from States of the United States other than Louisiana or from foreign countries, and from demanding from any of the complainants or suing any of them for any fees of compulsory inspection of such flour under said act No. 71 of 1870, extra session." From this decree defendants prosecuted an appeal to this court.

Upon the submission of the case, it appearing that the act complained of as unconstitutional was repealed June 28, 1892, we were of opinion that the case came within the rule laid down in *Mills* v. *Green,* 159 U. S. 651, and the appeal was accordingly dismissed. 160 U. S. 170.

Our attention has been since called by counsel to the fact that the decree was so broad as to restrain defendants from testing at law their right to recover fees prior to the date when the repealing act went into effect, which restraint was of course left in force by the dismissal of the appeal. We should not, therefore, have entered the order of dismissal, but it is equally clear that the bill cannot be maintained for an injunction against bringing actions at law if appellants should be so advised.

*The order hereinbefore entered dismissing the appeal will therefore be vacated and the decree reversed, without costs to either party, and the cause remanded to the Circuit Court with a direction to dismiss the bill.*