BREAUX, C. J.
Plaintiffs are owners and taxpayers within the limits of the levee district sought to be organized by Act 79, p. 192, of 1904, which has passed out of existence.
They sue to restrain, the defendants from organizing into a board of commissioners, and to restrain them personally from enforcing any part of the statute cited s.upra, upon the ground that it is unconstitutional.
They attack the statute for unconstitutionality on a number of grounds.
They alleged, and introduced testimony proving, that they are taxpayers, and that the enforcement of the law , will be detrimental to their property within the district. We readily conclude that they unquestionably had a standing in court to attack the act on the ground of unconstitutionality. They also have a locus standi to enjoin the board of commissioners and the “members of the board individually” from acting under the law creating the levee district.
Defendants sought to meet plaintiff’s demand by pleading that the petition disclosed no cause of action, and, in the alternative, if the exception of no cause of action is overruled, then they pleaded prematurity.
These pleas were overruled by Judge Debaillon. His term of office having expired, when the ease was afterward called for trial, his successor, as district judge, recused himself.
A judge ad hoc was appointed to try the case.
The answer of general denial was filed by the defendants. Evidence was heard on the merits. The presiding judge (ad hoc) discussed questions relating to the merits in his opinion, but limited the decree to the question of prematurity, and on the ground of prematurity alone he dissolved the injunction and dismissed the action.
Plaintiffs appeal.
Before this court appellees called attention to a bill, which has passed through the two houses, repealing the act before cited. Subsequently the repealing statute received executive sanction and is now a law.
This court takes judicial notice of public laws of this state.
The levee board had never been organized. The commissioners had taken the oath. They had never met to organize the board.
By the effect of the repealing law, there is no commissioner to enjoin, and even personally the persons named cannot well be enjoined from executing a law which has no existence. The defense no longer has any legal vitality. It has completely gone out of existence. There remains nothing of it, not even a shadow. It is as if it had never existed at all, for during its short-lived days it accomplished nothing, and left nothing behind whereby it may be known that a corporation existed. Of it there can scarcely aught be said but that if this litigation were to continue, it would be against a mere myth, and nothing whatever would be the result. *453 It is very evident that plaintiffs cannot be disturbed by any attempt of defendant to enforce a statute repealed.
We determine actual controversy. There would be no useful purpose in deciding that a statute which has been repealed was unconstitutional.
The matter of cost presents the only remaining question.
There is no decision to be found upon the subject in our reports. There are decisions of the Supreme Court of the United States in which a similar question has been decided. The decree in one of the cited decisions enjoined appellant from enforcing a statute against the appellee. The statute was repealed while the case was pending oh appeal. The court, on the authority of Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293, in which a similar question was decided, dismissed the appeal. Subsequently. on proper motion, the decree was amended in order to reserve to the parties interested the right to pursue whatever right they might have for the fee which they claimed under the law which had been repealed. Nonetheless it was held that the proceedings had abated by the repeal, and the question of cost was settled as in'those cases where the proceedings have abated entirely. New Orleans Flour Inspector v. Glover, 160 U. S. 170, 16 Sup. Ct. 321, 40 L. Ed. 382; New Orleans Flour Inspector v. Glover, 161 U. S. 103, 16 Sup. Ct. 492, 40 L. Ed. 632. See, also, State v. Board of Commissioners (Ind. Sup.) 54 N. E. 812.
A similar rule was laid down in Thayer v. Seavey, 11 Me. 289; Inhabitants of Saco v. Gurney, 34 Me. 14.
The repeal of an act is a complete bar to further proceedings. The case comes to an end vi majori, and none of the parties to the suit can recover judgment. They come to a standstill, to an impassable wall, and it only remains for the court to dismiss the action.
Neither of the parties is in a position to claim or receive costs. No proceedings can be pursued under a repealed statute, though begun before the repeal, unless by special clause in the repealing act.
To return to the proceedings in the district court.
We have noted that the district judge dissolved the injunction and dismissed the action on the ground of prematurity. On the authority of the decisions cited, the action abated from the first.
The abating effect relates back to the origin of the suit.
This was, substantially, the view expressed in the decision first above cited which was followed in New Orleans Flour Inspectors v. Glover, 160 U. S. 170, 16 Sup. Ct. 321, 40 L. Ed. 382, and New Orleans Flour Inspectors v. Glover, 161 U. S. 103, 16 Sup. Ct. 492, 40 L. Ed. 632.
It is well settled that appellate courts will dismiss where, pending appeal, relief becomes impossible because of the repeal of the law.
For reasons assigned, it is ordered, adjudged, and decreed that the appeal is dismissed. Each of the parties pays his own costs.