PROVOSTY, J.
The district attorney brought this suit, of his own motion, in the name of the state, under Act 118, p. 160, of 1890, which requires railroads to post on bulletin boards the number of minutes the regular trains are late, under penalty of a fine “recoverable in any court of competent jurisdiction.”
[1] The defense is that this statute is no longer in force, it having been superseded by a rule or regulation covering the same ground, adopted by the State Railroad Commission, under authority conferred upon it by articles 284 and 286 of the Constitution, which regulation was recognized and approved by Act 240, p. 357, of 1908, which repealed all conflicting laws.
This defense was properly maintained. The said statute requires railroads when a train is not on schedule time to post “the number of hours or minutes that said train is behind time.” The rule of the Railroad Commission provides that:
“When a train is late 15 minutes or more, the time of arrival shall be bulletined 30 minutes in advance of the schedule time, and every 30 minutes of time additionally lost shall be rebulletined.”
[2] The said Act 240 of 1908 provides a penalty for noncompliance with the regulations of the Railroad Commission “relative to the posting of bulletin boards,” and repeals all conflicting laws. The two regulations are not necessarily in conflict. Such a thing would be possible as to keep constantly posted, as required by the said statute, the number of minutes a train is late, and also to post that information every half hour, as required by the regulation of the Railroad Commission; but hardly anything can be more manifest than that by said Act 240 of 1908, recognizing and approving the regulation of the Railroad Commission and repealing all conflicting laws, the legislative rule .previously in force was intended to be repealed and superseded. As was said by this court in the case of State v. Henderson, 120 La. 535, 45 South. 430:
“Whilst it is well settled that repeals by implication are not favored, it is equally well settled that, in determining whether one law conflicts with another, it is necessary to consider the purposes of both, and, if it appears that the purpose of the law last enacted is to cover the whole subject-matter dealt with, and to modify or supersede those previously enacted, then the modification or suppression results, and must be declared.”
Judgment affirmed.