165 So. 177

HYMEL v. CENTRAL FARMS & SHIP-
PING CO., Inc., et al.

No. 33180.

Dec. 2, 1935.

Milling, Godchaux, Saal & Milling, of
New Orleans, for appellants.

Charles J. Theard and Delvaille H.
Theard, both of New Orleans, for appel-
lee.

O'NIELL, Chief Justice.

The plaintiff brought suit to foreclose a
mortgage via ordinaria. The defendant
applied to the judge for a moratorium, un-
der the provisions of Act No. 159 of 1934.
In response to the rule to show cause why
the moratorium should not be granted, the
plaintiff filed several exceptions and an an-
swer. After a trial of the rule, on the ex-
ceptions and answer, the judge rendered a
judgment rejecting the defendant's demand
for a moratorium; and the defendant ap-
pealed from the judgment. Thereafter,
the Legislature, in the Second Extraordi-
nary Session of 1934, enacted a new mora-
torium law, Act No. 2 of that session, pro-
viding for the appointment of a Debt Mor-
atorium Commissioner, with authority to
pass upon all moratorium applications.
The new statute does not declare that it
repeals any laws in conflict therewith; but
section 15 of the new statute declares:

"This act shall not be held to repeal or
affect any suspension or moratorium grant-
ed under the provisions of Act 159 of 1934,
but any such suspension or moratorium
granted under said act shall remain in
force during the period for which the same
was granted, subject to revision or altera-
tion as provided in Section 7 of this act."

The appellee suggests that this appeal should be dismissed, because the application of the appellant for a moratorium under the provisions of Act No. 159 of 1934 became abated by the adoption of Act No. 2 of the Second Extraordinary Session of 1934, which, except as provided in section 15 of the new act, superseded and, in effect, repealed Act No. 159 of 1934.

Act No. 2 of the Second Extraordinary Session of 1934 is a complete moratorium law, covering the whole subject-matter, and superseding Act No. 159 of 1934. Although repeals by implication are, as a rule, not favored or presumed, if it is obvious that the purpose of a law is to cover the whole subject-matter that is dealt with, it supersedes all previous legislation on the subject, and that which is not repeated or retained is in effect repealed. State ex rel. Broussard, District Attorney v. Henderson, Sheriff, 120 La. 535, 45 So. 430; State v. Chicago, R. I. & P. Ry. Co., 133 La. 304, 62 So. 934; Knight v. Webster Parish School Board, 164 La. 482, 114 So. 104.

It is well settled also that, if the law on which a judicial proceeding is founded is repealed, or superseded and in effect repealed, by a statute enacted while the proceeding is pending in court, the proceeding is thereby abated. Todd v. Landry, 5 Mart.(O.S.) 459, 12 Am.Dec. 479; State v. Johnson, 12 La. 547; Cooper v. Hodge, 17 La. 476; Frey v. Hebenstreit, 1 Rob. 561; Doss v. Board of Commissioners of Mermentau Levee District, 117 La. 450, 41 So. 720; Western Union Telegraph Co. v. Louisville & Nashville R. Co., 258 U.S. 13, 42 S. Ct. 258, 66 L.Ed. 437; United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L. Ed. 763, 89 A.L.R. 1510.

Our conclusion, therefore, is that the defendant's application for a moratorium under the provisions of Act No. 159 of 1934 is abated, and that this appeal should be dismissed, without affecting any right which the defendant may have to a moratorium under the provisions of Act No. 2 of the Second Extraordinary Session of 1934. It is not necessary to decide whether, if the district judge had granted the moratorium under the provisions of Act No. 159 of 1934, this court might have affirmed the judgment, notwithstanding the statute was superseded by Act No. 2 of the Second Extraordinary Session of 1934. It is sufficient to say that, as there was no moratorium granted to the applicant under the provisions of Act No. 159 of 1934, there was none to be retained by the saving clause in section 15 of Act No. 2 of the Second Extraordinary Session of 1934.

It was said in the argument of this case, and was admitted on both sides, that the defendant had applied for and obtained a moratorium from the Debt Moratorium Commissioner, under the provisions of Act No. 2 of the Second Extraordinary Session of 1934; and a copy of the orders of the commissioner were filed in the record in this court. It is sufficient to say, in that connection, that the dismissal of the present appeal will not affect in any way the proceedings had or pending before the Debt Moratorium Commissioner, under the provisions of Act No. 2 of the Second Extraordinary Session of 1934.

The appeal is dismissed.