165 So. 178

## OUACHITA SECURITIES CORPORATION v. COOPER et al.

### No. 33641.

Dec. 2, 1935.

Herold, Cousin & Herold, of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

ROGERS, Justice.

Plaintiff holding two promissory notes, one for $30,000 and the other for $7,500, secured by mortgage on something in excess of fifteen hundred acres of land in Caddo parish sued to enforce its mortgage rights. Before the suits were put at issue, the defendants by rule invoked the benefit of the provisions of Act No. 159 of 1934 (Mortgage Moratorium Law), and asked for a stay of proceedings, alleging their willingness to deposit in court the amount of the accrued costs.

In its return to the rule, respondent pleaded the unconstitutionality of the statute, excepted to the proceeding as failing to disclose any cause or right of action, and answered to the merits.

The trial judge overruled respondent's exceptions, and after hearing the rule on its merits granted movers a stay of proceedings on certain conditions set forth in the judgment. Movers appealed, and respondent answered the appeal.

Without arguing the appeal on its merits, appellants suggest in their brief that the judgment must be reversed on the ground of lack of authority in the trial judge, be-

cause prior to its rendition Act No. 159 of 1934 (Mortgage Moratorium Law) had been superseded by Act No. 2 of the Second Extraordinary Session of 1934 (Debt Moratorium Law).

 The court takes judicial notice of the public laws of the state. Doss v. Board of Commissioners of Mermentau Levee District, 117 La. 450, 41 So. 720.

 It is settled that Act No. 159 of 1934 was superseded by Act No. 2 of the Second Extraordinary Session of 1934. Hymel v. Central Farms & Shipping Co., Inc., 183 La. 991, 165 So. 177, and St. Tammany Homestead Association v. Bowers, 183 La. 987, 165 So. 176, this day decided.

 It is also well settled that if the law on which a judicial proceeding is founded is repealed, or superseded and in effect repealed, by a statute enacted while the proceeding is pending in court, the proceeding is thereby abated. Todd v. Landry 5 Mart. (O.S.) 459, 12 Am.Dec.479; State v. Johnson, 12 La. 547; Cooper v. Hodge, 17 La. 476; Frey v. Hebenstreit, 1 Rob. 561; Doss v. Board of Commissioners, 117 La. 450, 41 So. 720; Western Union Telegraph Co. v. Louisville & Nashville Railroad Co., 258 U.S. 13, 42 S.Ct. 258, 66 L.Ed. 437; United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510; Hymel v. Central Farms & Shipping Co., Inc., supra; St. Tammany Homestead Association v. Bowers, supra.

 The repeal of Act No. 159 of 1934 by Act No. 2 of the Second Extraordinary Session of 1934 acted as a complete bar to further proceedings under the repealed statute. Appellants had not secured a moratorium or stay of proceedings at the time Act No. 2 of the Second Extraordinary Session of 1934 became effective. Thereafter the proceeding came to an end vi majori. No valid judgment could be rendered under the repealed statute, and the proceeding was not saved by the exception contained in section 15 of the repealing statute. It only remains for the court to annul the judgment and dismiss the proceeding.

For the reasons assigned, the judgment herein appealed from is annulled, and appellants' proceeding for a suspension or moratorium is dismissed at their costs.