On May 24, 1939, the plaintiff sold to the defendant 10 acres of land in Tangipahoa Parish, with improvements thereon, for a recited consideration of $1,000, $200 of which was paid in cash, and for the remainder of the purchase price the defendant executed her four certain promissory notes of $200 each, bearing date of the sale, maturing respectively in one, two, three and four years from date, with 8% interest thereon from date and providing for 10% additional on both principal and interest unpaid as attorney's fees in the event of suit. The plaintiff, as vendor, retained a vendor's lien and privilege, and defendant granted a special mortgage on the property to secure said notes. There is contained in the act of sale and mortgage an acceleration clause providing that in the event of failure to pay the note or notes on maturity, all outstanding unmatured notes shall become due and exigible. The defendant failed or refused to pay the note, with interest, maturing on May 24, 1940; the plaintiff, exercising his option under the acceleration clause, filed this executory process or foreclosure suit to have the property seized and sold in satisfaction of the amount due him and to have his vendor's lien and privilege and mortgage recognized and enforced to pay and satisfy the amount due him from the proceeds by preference and priority. An order of executory process was signed by the Judge and the usual demand to pay was served on the defendant.
Defendant, in opposition to the order of seizure and sale, filed a petition wherein she admits that she purchased the property as set out, and made the payment of $200 and executed the notes on the date alleged. She alleges, however, that after she had purchased the property, paid the $200 and had executed the four notes, she was informed that plaintiff was not the owner of the property which he had sold to her, that the property had been adjudicated to the State in the name of Basile and Dominic Fedele for the nonpayment of the taxes for the year 1931, and that the title, at the time of her purchase, was in the State of Louisiana. She alleges that the sale to her was therefore null and void and that she is entitled to have the same set aside and *West Page 77 
annulled and to have the notes cancelled and to recover from the plaintiff the sum of $200 paid to him at the time of the execution of the sale. She further alleges that she is entitled to a temporary writ of injunction prohibiting the executory process, and, upon trial, for a permanent writ of injunction. Her prayer is in accordance with her petition.
A rule nisi issued directing the plaintiff to show cause why a preliminary writ of injunction should not issue. To the rule the plaintiff, defendant in injunction, filed an exception of no right or cause of action, which was overruled. Upon the trial of the rule a temporary writ of injunction was ordered, enjoining the Sheriff and the plaintiff in the original suit from selling the property.
Thereafter, plaintiff Greco, defendant in the action for the rescission of the sale and for the injunction, filed an answer in which he alleged that defendant, Mrs. Fedele, at the execution of the sale, while knowing that the taxes on the property had not been paid and that the property had been sold to the State for the nonpayment of the taxes, assured him that all taxes due on the property had been fully paid and that there were no delinquent taxes assessed or due upon the property. He further averred that Mrs. Fedele had been occupying the property prior to her purchase and that she had obligated herself to pay the taxes which might become due; and if she failed to do so, she is barred from setting aside the sale or refusing to pay the notes as they become due. He further alleged that since Mrs. Fedele had not been evicted from the property that her suit to annul the sale was premature.
Greco further alleged that he purchased the property from Elie E. Duet, a resident of the Parish of Jefferson, on July 12, 1933, by authentic act, duly recorded in the conveyance records of the Parish of Tangipahoa, in which said deed the said Duet warranted the title of the property. Greco called Duet in warranty to defend the title of the property and asked that if judgment be rendered against him, then and in that event that he have like judgment against his warrantor, as well as for all the losses and damages sustained by him, and particularly the consideration paid by him to Duet, with interest and costs.
Duet, in appearing to the call of warranty, filed what he terms a plea of estoppel against Greco on the ground that the latter had possession of the said property from July 12, 1933, until he sold it to Mrs. Fedele, and enjoyed all the fruits and revenues produced by the said property for more than six years; that in the deed by which he transferred the property to Greco the provision was made that he, Duet, was under no obligation to pay the taxes on the property. Duet annexed to this plea a copy of the deed which he made to Greco on July 12, 1933.
The case was tried and resulted in a judgment in favor of defendant and against Greco annulling and rescinding the sale of the property to the defendant and condemning Greco to refund to the defendant the sum of $200 paid by her on the purchase price. The preliminary writ of injunction was made permanent, enjoining Greco and the Sheriff from selling the property. The call in warranty made by Greco against Duet was dismissed. The plaintiff has appealed.
It appears from the record that on May 5, 1929, Joseph Fedele, who was the owner of the property in question, transferred it, together with some other property, to Dominic Fedele and Basile Fedele, apparently for some purpose which is not disclosed by the record. On July 22, 1931, Joseph Fedele sold the property in question to Elie E. Duet, apparently disregarding the deed he had made to Dominic Fedele and Basile Fedele, supra. However, Dominic Fedele and Basile Fedele executed deeds to Duet on July 23, 1931, disclaiming any interest in the said property. By these sales, on July 23, 1931, the property was in the name of Duet. In the deed from Joseph Fedele to Duet it is stated that the taxes for the year 1930 were paid. The deed did not recite who was to pay the taxes for the year 1931. The property, however, was assessed for that year in the name of Dominic Fedele and Basile Fedele, the record owners when the assessment was made for that year.
The taxes were not paid for the year 1931 and the property was adjudicated under the names of Dominic and Basile Fedele to the State in November, 1932, but this adjudication appears not to have been recorded until March, 1934. On July 12, 1933, after the property had been adjudicated to the State, Duet executed a deed to the property in favor of Greco, which deed seems to have been executed to release Duet from a note which he had endorsed for some $1,555, plus a recited consideration in the deed of $100 *West Page 78 
in cash. It was also stipulated in this deed that if Duet or anyone designated by him should pay to Greco the amount of said note, with interest, within a period of three years from that date, Greco agreed to retransfer the property to Duet. After the expiration of the said three years, Greco was to have the right to sell the property to anybody that he saw fit, and if the property brought enough to pay the note, interest and costs, any surplus was to be paid to Duet. It was further agreed that if Duet failed to pay the taxes assessed against the property, Greco was to have the right to cancel the redemptive agreement; and it was further provided that Duet was, however, under no personal obligation to pay the taxes on the property.
The property was homesteaded by a third party from the State under Act 235 of 1938, in October, 1939, thus cutting off any right of redemption of the property for the tax adjudication to the State.
It is obvious that the property which Greco undertook to sell to the defendant in 1939 did not belong to him, for the reason that the title was then in the State of Louisiana. It further follows that the sale from Greco to the defendant was null under Article 2452 of the Civil Code.
The defendant had a right, under Article 2557 of the Civil Code, to refuse to pay the balance of the purchase price as she had then reasons to fear that she would be evicted from the property by another. It is now well settled that the purchaser may not only refuse to pay the balance of the purchase price where suit is brought to collect it, but may in the same suit ask for a rescission of the sale and to refund what he has paid, when it develops that he may be evicted from the property because his vendor was not the owner, the same being null. See Wamsley v. Hunter et al., 29 La.Ann. 628; Bonvillain v. Bodenheimer et al., on rehearing, 117 La. 806, 42 So. 277; Brewer et al. v. New Orleans Land Co., 154 La. 446, 97 So. 605.
From his answer to the demand of Mrs. Fedele, Greco seems to take the position that she agreed to pay the taxes on the property. In Articles 3 and 10 of his answer he makes the allegation of her agreement to pay the taxes while she occupied the property. He does not allege that she was occupying the property in 1931 or had agreed to pay the taxes for that year. On the trial of the case he evidently attempted to prove by parole testimony that she was residing on the property and had made such an agreement. It is our opinion that this parole testimony was correctly ruled out. The deed from Greco to the defendant warranted the title of the property and he cannot now be heard to prove by parole that his vendee had agreed to pay taxes on the property two years prior to his acquisition. In fact, in 1933, when Greco acquired the property from Duet, it had already been adjudicated to the State for the taxes for the year 1931.
We are of the opinion that the judgment is correct in so far as it annuls the sale and enjoins Greco and the Sheriff to sell the property and in so far as it orders Greco to return to the defendant the amount she paid.
As to the call in warranty, the plea of estoppel filed by the warrantor, Duet, was overruled on the day of the trial of the case. Duet objected to going to trial prior to his answer being filed, contending that he was entitled to have the issue joined as to him and Greco. Regardless of his objection, the case went on trial on the merits, and, as previously stated, the trial judge dismissed the call in warranty. On what basis the trial judge dismissed the call in warranty we are unable to understand. However, since the issue had not been joined between the warrantor, Duet, and Greco, the trial judge was unable to pass upon that part of the case. It is our opinion that the judgment dismissing the call in warranty was erroneous. Greco has his recourse, however, on his warranty under Article 385 of the Code of Practice, and for that reason we will dismiss the call in warranty as in case of nonsuit, and the judgment of the District Court will thus be amended.
For these reasons the judgment appealed from in so far as it was in favor of Mrs. Joseph P. Fedele is confirmed and the judgment against plaintiff Greco dismissing the call in warranty is amended by decreeing that the call in warranty is dismissed as in the case of nonsuit, all at the cost of plaintiff appellant. *West Page 79