PER CURIAM:
In the application for a rehearing, the defendants concede that the property involved in this suit was adjudicated to the state for nonpayment of taxes on August 5, 1931, and they contend that there is no need to remand the case for further proof on the tax sale. This admission brings up for decision on the appeal the question of whether or not the seizure and sale of the property under a judgment in favor of Sigler against the plaintiff in February, 1933, after the redemption period had expired, was null and of no effect for the reason that the title to the property was absolute in the state at the time this constable sale was made.
The sale of property belonging to another is null, Civil Code, Article 2452, and it necessarily follows that if, at the time the property was sold by the constable in 1933, the title was then in the state and the property then belonged to the state, the attempted sale by the constable conveyed nothing, and the subsequent redemption of the property by the tax debtor could not give validity to a void sale.
At the time the property was adjudicated to the state, the plaintiff, as tax debtor, had one year in which to redeem the property (the amendment extending the redemption period to three years not being in effect), and consequently in August, 1932, the property became the property of the state, subject to control and disposition in such manner as the state saw fit to make of it. So when the constable attempted to seize and sell the property under a judgment against plaintiff in 1933, the property did not belong to the plaintiff, but belonged to the state. As was said in the case of Board of Commissioners v. Concordia Land & Timber Co., 141 La. 247 at page 255, 74 So. 921, 925: “Lands adjudicated to the state may be redeemed; but, if not, they become the absolute property of the state, to be sold in the manner prescribed by the statutes. The adjudication vests a present title in the state, with, the right to the possession and to all the revenues of the property.”
In the recent case of Lovell v. Dulac Cypress Co., 5 Cir., 117 F.2d 1, the court held that under the Louisiana tax redemption laws, after the one year redemptive period has passed and before actual redemption of the property adjudicated to the state, the state is the absolute owner of the property and can make such use and disposition of the property as it may see fit under its statutes; and until he actually redeems the property, the redemptioner has no right or title whatever in it. In other words, in the interim between the time the redemptive period expires and the actual redemption of the property, the absolute title is in the state and nothing done by or against the original owner or anyone else can affect the title in any manner whatever.
But it is contended by the defendants that so long as the title to the property remains in the state, the owner or any person interested personally or as. heir, legatee, creditor or otherwise may redeem *233 the property on paying the taxes, interest and penalty provided by Section 62 of Act 170 of 1898, as amended; that such redemption by the owner inures to the benefit of any person holding rights under the owner. However, if Sigler acquired nothing at the constable sale, he had no rights under that sale which could inure to his heirs when the owner redeemed the property from the state.
Had Sigler acquired a right from plaintiff to or against the property before the absolute title became vested in the state by the expiration of the redemptive period, such as by a deed from plaintiff, then this right would have inured to the benefit of Sigler when plaintiff redeemed the property, and the redemption would have related back to perfect the title conveyed by the deed. We are not unmindful of the fact that the Supreme Court has held that the title in the state resulting from a tax adjudication is not a perfect one .after the period for redemption has expired. Garnet’s Estate v. Linder et al., 159 La. 658, 106 So. 22; Lomel Realty Corporation v. Chopin, 177 La. 474, 148 So. 683. Regardless of the apparent conflict in the holdings in these two cases with holdings in the other cases above referred to, we do not think the holdings in the last two cited cases are contrary to our conclusions reached in this case. In the Garnet case the question involved was the right of the City of New Orleans to sell property to enforce its tax lien against property which had been adjudicated to the state, it being held that the property was still liable to sale for the City taxes, as the lien of the City for the enforcement of its taxes was of equal rank to that of the state for the enforcement of taxes due it. And in the Lomel case the court merely held that the fact that the property which had been adjudicated to the state had not been redeemed by the owner within the time prescribed by law did not prevent the owner from • redeeming the property so long as the title was in the state, and thereafter conveying a good title to a purchaser. Our holding in this case is that an attempted sale of property under execution where the property has been adjudicated to the state for the nonpayment of taxes and after the time for redemption has expired can confer no right or title in the purchaser at such sale.
The admission made on the application for rehearing malees it possible for us to pass on the question involved and without remanding the case.
For the reasons assigned, it is ordered that our former'decree be recalled and set aside, and that the judgment herein appealed from be annulled and set aside, and it is now ordered that there be judgment herein in favor of the plaintiff, Joseph Guidry, and against the defendants, Mrs. Ora Mae Sigler and Mrs. Virginia Sigler Barnes, cancelling and annulling the constable deed, dated February 11, 1933, to Charles Sigler, covering lot 15, Block 1, Schindler Place, and ordering the inscription of said deed cancelled and erased from the records of Calcasieu Parish; defendants to pay all costs of this suit, reserving to said defendants the rights to make a second application for a rehearing.