SAMUEL, Judge.
This is a suit to annul a tax sale. Defendant has appealed from a judgment annulling the sale, recognizing plaintiff as the owner of the property involved, and awarding the defendant the total amount, as agreed upon by the parties, of penalty, interest and taxes paid by the defendant.
The property consists of one lot in the Parish of Jefferson which, while assessed in the name of John A. McVitch, was sold to the defendant for unpaid 1955 state and parish taxes. The tax deed was registered in the conveyance office of that parish on November 29, 1956. McVitch did not effect a redemption. On July 26, I960, by act of sale under private signature with full substitution and subrogation to all rights of action possessed by the vendor, but without warranty, McVitch sold the property to the plaintiff for a cash consideration. This suit was instituted on September 28, 1960. It seeks annulment of the tax sale on the ground of want of the required notice of tax delinquency.
Defendant filed an exception to the jurisdiction of the court and later an exception of vagueness, both of which exceptions were dismissed, and then filed an answer. After judgment in favor of plaintiff had been rendered on the merits, defendant offered to pay to plaintiff the full amount of the purchase price the latter had paid for the property and filed a rule to show cause why defendant should not be permitted to deposit that sum in the registry of the court as a tender of payment in full compensation and settlement of plaintiff’s purchase of a litigious right.
There is no question involved on the merits. The tax debtor was a non-resident whose address was unknown, and the record is quite clear, and the defendant concedes, that notice of tax delinquency was not given as required by law. LSA-R.S. 47 :2180; Robinson v. Mafrige, 229 La. 376, 86 So.2d 72; Messina v. Owens, 207 La. 967, 22 So.2d 286. The defense is based entirely on issues which arise prior to trial on the merits.
In this court defendant makes three contentions: (1) The trial court lacked jurisdiction; (2) Plaintiff’s title was null and therefore he is without interest to bring this suit; and (3) Defendant has the right to defeat the action by tender of the actual price of the transfer from the tax debtor to plaintiff.
Defendant is domiciled in Orleans Parish and this suit was brought in the Parish of Jefferson wherein the property is located. *634 The exception of jurisdiction is based on the theory that under that portion of Article 10, § 11 of the Louisiana Constitution (LSA-Const. Art. 10, § 11) which provides that no judgment annulling a tax sale shall have effect until there shall be previously paid to the purchaser all taxes and costs and the 10%' interest penalty, there must be a personal judgment against the present defendant in order to decree the reimbursement and penalty required by the constitution and therefore defendant can be sued only in the parish of its domicile.
The theory is without merit. This suit was brought under Art. 163 of the Louisiana Code of Practice, the applicable law at that time, which gave plaintiff the1 choice of bringing the action in either the parish in which the property was located or in the parish of the defendant’s domicile. The judgment here is in favor of defendant for reimbursement and penalty. It is in rem as to the property and there is no in personam judgment against the defendant. Since the constitution provides that reimbursement of taxes and costs and payment of the 10%' penalty to the purchaser at' a tax sale is necessary before any judgment annulling such a sale can become effective, the mandate of the Constitution makes the reimbursement and payment an integral part of the in rem action and judgment.
Defendant urges one other reason necessitating dismissal for lack of jurisdiction. While this suit was pending the Code of Practice was repealed in its entirety and was replaced by the present Code of Civil Procedure. As a result, defendant argues, there was no longer any basis on which the suit could be maintained in Jefferson Parish. Cited as supporting this argument are many cases holding that when a law conferring jurisdiction is repealed, without any reservation of jurisdiction over pending cases, such pending cases fall with the law and must be dismissed. Some of the cited cases are: Ouachita Securities Corporation v. Cooper, 183 La. 995, 165 So. 178; Hymel v. Central Farms & Shipping Co., 183 La. 991, 165 So. 177; Doss v. Board of Com’rs. of Mermentau Levee Dist., 117 La. 450, 41 So. 720.
The cited authorities are not applicable. Here the statute, which repealed the Code of Practice and also adopted the Code of Civil Procedure, reserves jurisdiction. That statute is Act 15 of 1960 and the applicable portion of Section 4 thereof provides :
“(B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings:
‡ ‡ ‡ $
“(2) Pending on the effective date-of this act, except that none of the provisions thereof shall:
******
“(b) Affect the validity or change-the legal effect of any judicial, ofi-cial, or procedural act done or attempted, or of any failure to act,, prior to the effective date of this act in any civil action or proceeding, including but not limited to any: * * * ; order or judgment rendered; * * *” LSA-C.C.P. Vol.. 1, p. 748, Sec. 4. (emphasis supplied).
In the instant case trial of defendant’s-exception to the jurisdiction was held on. December 27, 1960 and judgment overruling and dismissing the exception was rendered the same day. The effective date of the act being January 1, 1961 (as provided by Section 7 thereof), the judgment was rendered prior to the effective date and is not affected by the act under the specific reservation of the above quoted Section 4(B) (2) (b).
To support its contention that plaintiff is without interest to bring this suit, defendant argues that after the expiration of the three year period from date of recordation of the tax sale during which the tax debtor had the right of redemption *635 •(LSA-Const. Art. 10, § 11) but failed to ■exercise that right, its tax title was complete and perfect and the sale by the tax ■debtor to plaintiff conveyed nothing, there being nothing for him to convey. Defendant relies upon LSA-C.C. Art. 2452 which provides: “The sale of a thing belonging to another * * * is null; * * * ”, and cites several cases, such as Magnolia Petroleum Co. v. Marks, 225 La. 805, 74 So.2d 36; Guidry v. Sigler, La.App., 21 So.2d 232; Greco v. Fedele, La.App., 4 So.2d 75, holding that the sale of property which has been adjudicated for non-payment of taxes and has not been redeemed is ■null if made after the time for redemption has expired. We also find this contention to be without merit.
The cases cited by the defendant are not applicable for the reason that in none of them was the nullity of the tax adjudication at issue. Linder the above cited article and section of the constitution the sale for taxes by which defendant acquired the property was subject to attack and annulment for a period of five years after recordation of the tax deed. Plaintiff’s purchase from the tax debtor was made after the expiration of the three year redemptive period and therefore no right of redemption could be transferred; the tax debtor possessed no such right. But the sale from the tax debtor to the plaintiff was made, and this suit was filed, within the five year period during which the defendant’s tax sale was subject to attack. At the time •of that acquisition by the plaintiff the right to attack the tax sale belonged to the tax debtor, McVitch, and he sold and transferred that right to the plaintiff.
We know of no law which prohibits such a transfer. LSA-Civil Code, Article 2452 does not do so for the simple reason that here the right to sue belonged to the seller and not to another. Under that article the sale of a thing belonging to another is not absolutely null but only relatively so and such nullity is in the interest of the purchaser. If it were absolutely null it would produce no effect whatever. Yet the sale may be ratified by the owner of the thing sold, can obligate the vendor to deliver and to warrant the purchaser in good faith against eviction, gives rise to damages in favor of the purchaser, can serve the purchaser as a just title for acquisitive prescription, and, pertinent here, immediately vests in the purchaser any title which the vendor after-wards may acquire. See McDonald v. Richard, 203 La. 155, 13 So.2d 712; St. Landry Oil & Gas Co. v. Neal, 166 La. 799, 118 So. 24; Wolf v. Carter, 131 La. 667, 60 So. 52; Jefferson Sawmill Co. v. Iowa Louisiana Land Co., 122 La. 983, 48 So. 428.
Defendant’s third contention relative to its right to defeat this action is based upon the argument that plaintiff’s purchase from the tax debtor was the transfer of a litigious right and controlled by LSA-Civil Code Art. 2652, which provides:
“He against whom a litigious right has been transferred, may get himself released by paying to the transferree the real price of the transfer, together with the interest from its date.” LSA-C.C. Art. 2652.
The Civil Code contains two definitions of a litigious right: Art. 2653, which provides : “A right is said to be litigious, whenever there exists a suit and contestation on the same.”, and Section 18 of Art. 3556, which provides: “Litigious rights are those which can not be exercised without undergoing a lawsuit.”
Our settled jurisprudence is that Art. 2653 is the controlling definition applicable under Art. 2652; a right which is not yet in litigation, even though it cannot be enforced unless contested in a law suit, is not a litigious right under Art. 2652 and may be validly purchased. Bernheim v. Pessou, 143 La. 609, 79 So. 23; Means v. Ross, 106 La. 175, 30 So. 300; Bonner v. Beaird; 43 La.Ann. 1036, 10 So. 373; McDougall v. Monlezun, 38 La.Ann. 223; *636 Kellar v. Blanchard, 21 La.Ann. 38; Grayson v. Sanford, 12 La.Ann. 646; 13 Tul.L. Rev. 448.
In the instant case the sale by the tax debtor to the plaintiff was made prior to the filing of suit and therefore defendant’s third contention is without merit. It does not have the right to release itself under the provisions of Art. 2652.
The judgment appealed from is affirmed.
Affirmed.