HENRY F. TURNER, Judge pro tem.
This is an action of nullity brought by the plaintiff-appellant in which it seeks to annul and set aside a judgment and decree of this court handed down on June 4, 1963, Wood v. Zor, Inc., in which a rehearing was denied on July 1, 1963, which case is reported in 154 So.2d 632.
Plaintiff in this case (defendant in the suit in which the annulment of the judgment is sought) did not apply to the Supreme Court for writs of certiorari and review, but instead filed this suit in the District Court from whence the appeal originally had come. The plaintiff’s petition, which consists of 51 rather lengthy articles, has not set forth in any articles any one of the grounds set forth for nullity of judgments in the LSA-Code of Civil Procedure,[1] but has devoted his entire petition to castigating and disagreeing with the opinion of this court in the judgment sought to be annulled.
In the District Court pleas of vagueness and res judicata were filed by the defendant herein, plaintiff and successful litigant in whose favor the judgment was rendered in the Wood v. Zor, Inc., case. The District Court sustained the plea of res judi-cata and dismissed plaintiff’s suit in this case, whence this appeal.
While the defendant in the present suit terms his plea of res judicata as such, it in reality is an exception of no cause or right of action. Regardless of what the exceptor captions his pleadings, we think he has filed a peremptory exception which was properly sustained by the trial court. We have read the 51 articles of his petition, and while we confess that some of them *691 are not entirely clear to us, we have been unable to find any allegation or allegations that would support a cause of action for nullity of the judgment of this court.
It is therefore our opinion that the judgment of the District Court dismissing plaintiff’s suit with prejudice is correct and is therefore affirmed at appellant’s cost.
Affirmed.

. “Art. 2002.
“A final judgment shall be annulled if it is rendered:
“(1) Against an incompetent person not represented as required by law;
“(2) Against a defendant who lias not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default lias not been taken; or
“(3) By a court which does not have jurisdiction over the subject matter of the suit. * * * ”
“Art. 2004.
“A final judgment obtained by fraud or ill practices may be annulled. * * * ”