PER CURIAM.
The trial court held Zoning Ordinance 718 null and void. The defendant city appeals suspensively.
The plaintiffs-appellees move to dismiss the appeal as moot. They attach as exhibit Ordinance 883, adopted August 19, 1969, adoption of which (they contend) had the effect of the city’s acquiescing in the trial court judgment. They suggest that by adoption of this latter ordinance, the earlier one (718) has no effect and has ceased to exist.
They therefore argue that the appeal should be dismissed as moot. See: Ouachita Securities Corp. v. Cooper, 183 La. 995, 165 So. 178; Hymel v. Central Farms & Shipping Co., 183 La. 991, 165 So. 177; Amet v. Texas & P. Ry. Co., 117 La. 454, 41 So. 721; City of Lake Charles v. Nope, La.App. 1st Cir., 92 So.2d 144; City of New Orleans v. Ryman, La.App.Orl., 79 So.2d 573.
From the showing made, however, we are unable to find that the later Ordinance 883 supersedes or rescinds the attacked Ordinance 718. For instance, Article XVI of Ordinance 883 specifically ratifies and readopts Ordinance 718.
Furthermore, we are unable from the articles of the later ordinance to ascertain that it supersedes Ordinance 718’s classification of the petitioner’s property as R-1 (single family residence). The essential relief sought by the plaintiffs’ petition is to have it classified instead as R-4 (multifamily residence).
Article XV does, it is true, list certain “property which has been reclassified R-4 by amendment to Ordinance 718” (see p. 55 of exhibit); Item 3 of this is situated on Doucet Street, just as is petitioners’ land as described by their petition. Nevertheless, the descriptions do not coincide as to area and neighboring tracts, and we cannot ascertain that the land reclassified as R-4 by the later ordinance includes the plaintiffs’ tract.
On the basis of the showing made thus far, we therefore must deny the plaintiffs’ motion to dismiss this appeal. We reserve to the plaintiffs-appellees the right to re-urge the mootness by further showing.
Motion to dismiss overruled.

On Supplemental Motion to Dismiss the Appeal

En Banc.
PER CURIAM.
The defendant city appeals from judgment holding Zoning Ordinance 718 null and void for procedural irregularities in its enactment. We overruled an earlier motion to dismiss the appeal as moot, for insufficient showing. La.App., 226 So.2d 572.
By supplemental motion, the mootness is reurged. Attached to the motion is a stipulation showing, inter alia, that the subsequently-enacted Ordinance 883 superseded Ordinance 718 and its amendments, for there is no substantive difference between them.
*573 The appeal is therefore moot. As stated in Ouachita Securities Corp. v. Cooper, 183 La. 995, 165 So. 178, 179: “* * * if the law on which a judicial proceeding is founded is repealed, or superseded and in effect repealed, by a statute enacted while the proceeding is pending in court, the proceeding is thereby abated.”
In holding an appeal moot for similar reasons, our Supreme Court stated in Hymel v. Central Farms & Shipping Co., 183 La. 991, 165 So. 177, 178: “Although repeals by implication are, as a rule, not favored or presumed, if it is obvious that the purpose of a law is to cover the whole subject-matter that is dealt with, it supersedes all previous legislation on the subject, and that which is not repeated or retained is in effect repealed.”
We therefore find this appeal to be moot and sustain the motion to dismiss it.
Appeal dismissed.