HOOD, Judge.
Plaintiffs, being owners of property in the City of Lafayette, seek a judgment decreeing Lafayette City Ordinance Number 883 to be null and void, and enjoining the city from attempting to enforce that ordinance. The sole defendant is the City of Lafayette. Judgment was rendered by the trial court in favor of plaintiffs and against the city, “decreeing Ordinance Number 883 of the City of Lafayette, Louisiana, inoperative and without force and effect.” The City of Lafayette has appealed.
After the record was lodged in this court, the plaintiffs-appellees filed a motion to dismiss the appeal on the ground that the issues presented are now moot, and that any decision which we might render in this case would be of no effect.
The ordinance being attacked here is a zoning ordinance which the City of Lafayette adopted as an emergency measure. In adopting it, the city complied with all of the requirements for adopting emergency ordinances, but prior to the time this appeal was taken it did not comply with the requirements for ordinances adopted in the ordinary course of events.
*308 According to the Charter of the City of Lafayette, an emergency ordinance may be adopted by the Board of Trustees of that city if the legislation, among other things, is “declared to be urgent.” An emergency ordinance, according to the Charter, goes into effect “immediately upon its passage,” whereas a regular ordinance does not become effective until other procedures are followed, including the publishing of the ordinance in its entirety.
Plaintiffs in this suit contend that Ordinance Number 883 is null and void as an emergency ordinance, primarily because it was not declared to be urgent when it was adopted and because no emergency actually existed in law or in fact. The trial judge concluded that no emergency existed, and that the ordinance thus was inoperative and unenforceable as an emergency measure. He recognized, however, that the same ordinance could become effective and enforceable as a regular ordinance upon proper publication. In his reasons for judgment the trial court stated:
“This ruling does not render the zoning ordinance null and void but serves to make the ordinance inoperative until the proper publications are given in accordance with the Charter provisions of the City of Lafayette, Louisiana.”
In the motion to dismiss the appeal plaintiffs allege that since the rendition of judgment by the trial court and the granting of the appeal in this case, the City of Lafayette has adopted Ordinance Number 883 as a regular ordinance. Attached to that motion is a joint stipulation of counsel to the effect that “Ordinance Number 883 of the City of Lafayette has presently been adopted as a regular ordinance, having been duly adopted by the Mayor and Board of Trustees of the City of Lafayette, said ordinance being published in its entirety in the official journal for the City of Lafayette, The Lafayette Daily Advertiser, and that more than thirty (30) days have lapsed since said publication.”
The only issue presented in this suit is whether Ordinance Number 883 is valid and enforceable as an emergency ordinance. Since the ordinance has been adopted as a regular ordinance, and presumably it is now valid and enforceable as such, the question of whether it was properly adopted as an emergency ordinance, or whether it could have been enforced as emergency legislation, is merely academic. Any judgment which we might render on those issues would have no effect, so the questions presented here are now moot.
It is settled that if the law on which a judicial proceeding is founded is repealed or superseded by a statute enacted while the proceeding is pending in court, the proceeding is thereby abated. City of New Orleans v. Ryman, 79 So.2d 573 (La.App.Orl.1955); Ouachita Securities Corporation v. Cooper, 183 La. 995, 165 So. 178 (1935).
Applicable here also is the rule that a court will not render a judgment which cannot be made effective, nor will a court give opinions on moot questions from which no practical results can follow. Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960); DiGiovanni v. Parish of Jefferson, 151 So.2d 528 (La.App. 4 Cir. 1963).
The judgment appealed from, however, decrees simply that Ordinance Number 883 of the City of Lafayette is “inoperative and without force and effect.” However, the validity of Ordinance 883 as a regular ordinance was not before the trial court. If this appeal should be dismissed, that judgment would become final and a question would be presented as to whether the ordinance could be enforced now, as a regular ordinance, even though it may have been unenforceable as an emergency ordinance at the time the suit was filed.
We have concluded that the motion to dismiss the appeal should be denied, and that judgment should be rendered on this *309 appeal reversing the judgment of the trial court and dismissing the suit. We express no opinion as to the validity or invalidity of the legislation as a regular ordinance. Under the peculiar circumstances presented here, we think all costs should be borne by the defendant.
For the reasons herein set out, the motion to dismiss the appeal is denied. The judgment appealed from is reversed, and judgment is hereby rendered dismissing the suit. All costs, including the costs of this appeal, are assessed to defendant-appellant.
Reversed.
Before FRUGÉ, SAVOY, HOOD, CULPEPPER and MILLER, JJ.