PER CURIAM.
We granted writs to review a ruling by the Court of Appeal in which that court, on a procedural question, reversed a judgment in favor of plaintiff without a review of the merits of the case. Because that ruling was incorrect, the judgment of the Court of Appeal will be reversed and the case remanded to the Court of Appeal for a review of the merits of defendant’s appeal.
Plaintiff Associated Executive Control, Inc. (A.E.C.) filed suit on July 9, 1975 against defendant Bankers Union Life Insurance Company (Bankers) for a fee allegedly earned by A.E.C. for services rendered pursuant to a written agreement between the parties. By the terms of the agreement, Bankers promised to pay A.E.C.
a consulting, finding and servicing fee totalling $50,000.00 in the event that a sale is consummated for all of the stock of Security Guaranty Life Insurance Company which is owned by Bankers ... in the event that you (A.E.C.) are a moving force in the consummation of a transaction which is acceptable in the full and absolute discretion and approval of Bankers Union Life Insurance Company.
Bankers objected to the suit, contending that the petition did not state a cause of action, inasmuch as no sale was ever consummated. A.E.C. opposed Bankers’ exception on the grounds that the only reason the sale to one Ronald E. Smith was not consummated was because Bankers attempted to insert a paragraph in the sale contract which was contrary to the truth and would have deprived A.E.C. of its fee.[1]
The exception, originally sustained in the trial court and the Court of Appeal, was overruled in an opinion rendered by this Court on January 29, 1979. Therein we held that plaintiff’s petition did state a cause of action, notwithstanding that a sale had not been consummated, where, taking the facts as alleged in plaintiff’s petition as true, the sale was not consummated solely because of Bankers’ attempt to deprive A.E.C. of its fee in contravention of the contractual agreement. Associated Executive Control, Inc. v. Bankers Union Life Insurance Company, 367 So.2d 811 (La.1979). Accordingly, the case was remanded to the trial court for trial on the merits.
Trial was thereupon held in the Civil District Court, Parish of Orleans in November *207 of 1980. Judgment was rendered in favor of plaintiff after a finding that the only reason the sale (of Security by Bankers to Smith) was aborted, was because of Bankers’ attempt to deprive A.E.C. of its fee.
On appeal, the Court of Appeal, without reaching the merits of the case, reversed plaintiff’s favorable judgment and dismissed plaintiff’s lawsuit on procedural grounds. Associated Executive Control, Inc. v. Bankers Union Life Insurance Company, 425 So.2d 800 (La.App. 4th Cir.1982). The court found that A.E.C. was a “business chance broker” and that under La.R.S. 37:1450, “[pjrior to amendment by Act 514 of 1978,” A.E.C. “cannot avail itself of the courts of this state to recover any fee for brokerage.”[2]
Assuming arguendo that La.R.S. 37:1431-1459 even applies to A.E.C. in this instance,[3] the Court of Appeal nonetheless erred in neglecting to note that La.R.S. 37:1450, upon which it relied, as it applies to “business chance brokers,” was repealed in 1978. Thus, at the time that defendant first asserted, as a bar to plaintiff’s suit, the application of La.R.S. 37:1450, in an answer filed on June 5,1979, La.R.S. 37:1450 had already been repealed. Since La.R.S. 37:1450 only provided a procedural bar to plaintiff’s existing cause of action, its repeal prior to defendant’s urging it as a defense and prior to trial of the case, makes it inapplicable.[4] Dripps v. Dripps, 366 So.2d 544, 548 (La.1978); Ardoin v. Hartford, 360 So.2d 1331, 1338 (La.1978); Hymel v. Central Farms & Shipping Co., 183 La. 991, 165 So. 177 (1935); Garlick v. Dalbey, 147 La. 18, 84 So. 441 (1919).
Accordingly, we hold that the Court of Appeal erred in reversing, plaintiff’s judgment and dismissing plaintiff’s suit.

Decree

The judgment of the Court of Appeal is therefore reversed and the case remanded *208 to the Court of Appeal for appellate review of the merits in this case.
DIXON, C.J., and DENNIS, J., concur.

. The paragraph referred to provided in part:
Buyer further represents that he has not had any dealings with, nor has he been influenced by, the firm of Associates Executive Control, Inc. ... or any of its agents, or F.D.V. deLaBarre in connection with the transaction contemplated by this agreement.

. La.R.S. 37:1450 provides:
No person, not licensed in accordance with the provisions of this Chapter, shall recover any fee, claim or charge for brokerage in the courts of this state.

. Whether or not Chapter 17 of Title 37 (La.R.S. 37:1431-1459), prior to the 1978 amendments reenacting that Chapter, is at all applicable to the transaction involved in this case (the sale of stock) presents a serious question.
Until 1978 that Chapter of the Revised Statutes was entitled “Real Estate and Business Brokers.” It was comprised of provisions applicable only to the Louisiana Real Estate Commission and primarily to the regulation and licensing of real estate brokers and real estate salesmen. However, a “business chance broker” (“any person who, for a compensation or valuable consideration, sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of a business, business opportunity, or the goodwill of an existing business for others as a vocation” — La.R.S. 37:1431(2)) was also listed among those prohibited under the Chapter from engaging in business unless licensed. La.R.S. 37:1437 prior to 1978 amendment.
It appears far more likely that the Chapter when it referred to “sale of a business, business opportunity or goodwill of an existing business for others as a vocation,” was intended to refer to the sale of real estate and business establishments in connection therewith and not to the sale of corporate stock, as in the instant case.
In support of this view it should be noted that in 1978 Chapter 17 entitled “Real Estate and Business Brokers” (La.R.S. 37:1431-1459), was entirely amended and reenacted as R.S. 37:1431-1464 within a Chapter newly entitled “Louisiana Real Estate License Law.” Coincident therewith the definition of “business chance broker (La.R.S. 37:1431 prior to its amendment in 1978), their licensing requirement (La.R.S. 37:1437 prior to its amendment in 1978) and thus the prohibition denying them access to the courts (La.R.S. 37:1450 prior to its amendment in 1978) was deleted entirely from the Chapter.

.Prior to 1950, Section 15 of Act No. 236 of 1920 (the source provision for La.R.S. 37:1437) expressly made it illegal to accept a commission for performing any acts therein specified without a valid license. Under that provision, it was ruled, a non-licensed party had no cause of action for a fee allegedly earned, because it was earned illegally. Bergeron v. Mumphrey, 38 So.2d 411 (La.1949). However, that provision was eliminated from the act the following year, in 1950, leaving only the procedural bar of La.R.S. 37:1450 to the assertion of an otherwise legal cause of action. Consequently, plaintiff had, and still has, a valid cause of action for its fee, which it was only procedurally barred from asserting in the courts of this state under La.R.S. 37:1450 prior to repeal of that statute in 1978.