BARRY, Judge.
Towne Center, Limited, a Partnership in Commendam, appeals a judgment which upholds a real estate listing agreement. Towne Center contends the trial court considered extrinsic evidence to determine the intent of the parties and erred by finding that an absolutely null contract was ratified by a “short form” of that contract. The matter was submitted on trial memo-randa, documents and depositions.
BACKGROUND
The trial judge’s reasons for judgment explain the factual background:
Keyworth, along with general partners John Coats and Charles P. Cole, and limited partners Gordon McHardy and Jack Andonie formed Westside Properties, a partnership in commendam to develop a shopping center project located at 601 Terry Parkway, Gretna, Louisiana, commonly known as the Towne Square Shopping Center.
The evidence shows that Keyworth acted as developer for the group and the other partners were investors in the project. In October' 1975, Westside Properties sold its interest in the project to Joseph Young, Sr. and John Neumeyer. Dr. Jack Andonie, Dr. G. Gordon McHar-dy, John B. Coats and Charles P. Cole, sold their interests in the property in exchange for cash consideration. The only document which details a precise cash consideration is a draft agreement for Charles P. Cole’s signature which gives $13,500 as the sum for Cole’s interest in Westside Properties.
The document dated October 2, 1975, entitled ‘Purchase and Exclusive Listing Agreement’ between Keyworth (seller) and Young and Neumeyer (purchaser) shows that the consideration for the sale of Keyworth’s interest in the shopping center was the sum of one dollar ($1.00) and ‘certain other valuable considerations.’ [1] Keyworth was to be exclusive leasing manager of the Towne Square Shopping Center, realizing management fees equal to 6% of the first $100,000 of annual income and 4% of the remainder of income.
*469 After the sale of his interest, Key-worth proceeded to consúmate [sic] leases, assisted tenants with obtaining financing, assisted with drawings, plans and specifications, negotiated contracts. In short he continued to act as developer for the project until the shopping center opened. Instead of cash, Keyworth sold his interest for future consideration based upon eventual income from the project.
On June 8, 1978 a short form of this Agreement was executed and signed by Keyworth, Neumeyer and Young. The short form agreement reiterated the consideration for the sale and specifically stated that its execution and recordation was intended to place third parties on notice that Keyworth was the exclusive listing agent for the property and of his right to commissions. In addition, the short form agreement listed the negotiated leases already secured. This document was recorded in the conveyance records of Jefferson Parish (COB 938, folio 527).
On April 30, 1982, Neumeyer and Young sold their interest in the shopping center to the plaintiff, Towne Center, Limited. Attached to the sale was a certificate [a handwritten notation] evidencing the agreement between Key-worth, Neumeyer and Young reflecting the obligation to retain Keyworth as the exclusive leasing agent by subsequent purchasers. The plaintiff paid Keyworth pursuant to the agreement for a period of almost eight years but ceased making payments in May of 1989.
At the time of execution of the 1975 Purchase Agreement, Keyworth was a real estate salesman licensed with the Louisiana Real Estate Commission and sponsored by Sidney M. Delaney, a licensed real estate broker. Keyworth subsequently received his real estate broker’s license from the Commission on April 4, 1977.
Towne Center filed suit for restitution of commissions paid to Keyworth asserting the agreement was null and void ab initio because at the time of the 1975 agreement Keyworth was not a real estate broker under La.R.S. 37:1437 (now La.R.S. 37:1436). Towne Center also claimed that no future commission is due. Keyworth filed a reconventional demand for a declaratory judgment as to his commissions and for a lien on the subject property. The judge denied Towne Center’s request for restitution of the commissions. The judge held that Keyworth was not entitled to a lien because the sale of his interest was not recorded in the mortgage office.
The judge found that the parties to the 1975 agreement intended to enter into a contract of sale whereby Keyworth would convey his interest in the property to Neu-meyer and Young and in return receive a percentage of lease revenues received from tenants to be procured by Keyworth. The judge noted that the 1975 agreement was executed before Keyworth had a real estate broker’s license. The court concluded that the 1978 “short form” agreement, signed after Keyworth obtained his license, “reaffirmed” and “superseded” the 1975 agreement and was valid.
EXTRINSIC EVIDENCE
Towne Center argues that the trial judge erred by considering extrinsic evidence to determine that the intent of the parties in the 1975 agreement was to provide Keyworth compensation for his equity in the property. La.C.C. art. 2046 states “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the party’s intent.”
Although the judge appeared to consider extrinsic evidence, that discussion is superfluous. The 1975 agreement states that Keyworth accepted the appointment as exclusive listing agent “as his consideration to sell his interest” in the property. The agreement specified that Keyworth would receive six percent of gross annual rentals on the first $100,000 and four percent of gross annual rentals above $100,000. The trial judge found that Keyworth’s right to a percentage of rentals was payment for *470 his equity in the property. That conclusion is supported by the document.
This assignment has no merit.
CONFIRMATION/RATIFICATION
Towne Center contends that the 1975 agreement was absolutely null and could not be ratified by the 1978 short form agreement.[2] La.C.C. art. 2030 provides: “A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.”
Towne Center submits that because Key-worth did not have a real estate license in 1975 he violated La.R.S. 37:1437 (now La. R.S. 1436) which stated:
It shall be unlawful for any person, directly or indirectly to engage in or conduct, or to advertise or hold himself out as engaging in or conducting the business, or acting in the capacity, of a real estate broker or real estate salesman within this state without first obtaining a license as such broker or salesman, as provided in this Chapter, unless he is exempted from obtaining a license as specified herein.
Any person who, directly or indirectly for another, with the intention or upon the promise of receiving any valuable consideration, offers, attempts or agrees to perform, or performs any single act described herein, whether as part of a transaction, or as an entire transaction, shall be deemed a broker or salesman within the meaning of this Act. The commission of a single such act by a person required to be licensed under this Chapter and not so licensed shall constitute a violation of the provisions of this Chapter.
Louisiana courts recognize that if a contract violates an “imperative statutory rule” it is absolutely null and not subject to ratification. Mobley v. Harrel, 571 So.2d 662, 665 (La.App.2d Cir.1990); E.L. Burns Company, Inc. v. Cashio, 302 So.2d 297, 300-01 (La.1974). An “imperative statutory rule” is one that protects an interest vital to the public order and applies to all parties uniformly and cannot be set aside by contract. E.L. Burns Company, Inc. v. Cashio, 302 So.2d at 301. The Louisiana Real Estate License Law (La.R.S. 37:1430 to 1464, formerly R.S. 37:1431 to 1462) was founded on the strong public policy to regulate the real estate business and it cannot be set aside by contract. See Associated Executive Control, Inc. v. Banker’s Union Life Insurance Company, 425 So.2d 800, 803 (La.App. 4th Cir.1982), reversed on other grounds, 438 So.2d 205 (La.1983); Williams v. Cormier, 100 So.2d 307, 310 (La.App. 1st Cir.1958); and Moore v. Burdine, 174 So. 279, 282 (La. Court of Appeal Orleans, 1937).
Prior to 1978, La.R.S. 37:1431 defined real estate brokers and real estate salesmen as follows:
(3) ‘Real estate broker’ means any person who, for compensation or valuable consideration sells, or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or rents or offers for rent any real estate or the improvements thereon for others as a vocation.
(4) ‘Real estate salesman’ means any person who for compensation or valuable consideration is employed either directly or indirectly by a licensed real estate broker to sell or offer to sell, or buy or offer to buy, or to negotiate the purchase or sale or exchange of real estate, or to lease or offer to lease, rent or offer to rent any real estate for others as a whole or partial vocation.
Keyworth was not a licensed broker at the time of the 1975 agreement, but was in the business of selling and leasing real estate and had a salesman’s license since 1973. La.R.S. 37:1451 (now La.R.S. 37:1446) prohibits a real estate salesman from accepting a commission from any person other than a sponsoring broker. See also, Bristol v. Korol, 295 So.2d 520, 522 *471 (La.App. 1st Cir.1974). In the agreement with Neumeyer and Young, Keyworth acted on his own rather than with a broker. Because Keyworth entered into the agreement when he was not a licensed broker and acted on his own behalf, the contract violated La.R.S. 37:1437 (now Section 37:1436) and was null ab initio.
Keyworth argues that his services were offered as compensation for his interest in the property and the agreement was not a “pure” commission or listing agreement. We agree that this agreement is a hybrid, but Keyworth’s actions nonetheless violated La.R.S. 37:1437 (now Section 37:1436). Keyworth also contends that La. R.S. 37:1459 (now R.S. 37:1438) exempts him from the Real Estate License Law because he was acting as owner of the property. We disagree. The Real Estate License Law only exempts those who act as owner and are not otherwise engaged in the real estate business. Buras v. Fidelity and Deposit Company of Maryland, 197 La. 378, 1 So.2d 552, 554-55 (La.1941). Keyworth stated in his deposition that he has been in the real estate business for twenty years which predates the 1975 agreement by several years. Keyworth was in the real estate business at the time of the 1975 agreement.
The 1978 contract was valid because Keyworth obtained a broker’s license in 1977. The 1978 contract did not “ratify” or “confirm” the 1975 agreement; it was a new contract. Towne Center assumed the obligations in the 1978 agreement when they purchased the property from Neumeyer and Young.
The reasoning of the trial court may be flawed, but the result is correct.
The judgment is affirmed.
AFFIRMED.

. The 1975 agreement did not state that consideration was "one dollar ($1.00) and certain other valuable considerations". This error has no bearing on our analysis.

. The trial judge did not use the terms "ratify” or "confirm”; she said that the 1978 agreement "reaffirmed” and "superseded” the 1975 agreement.