D. Y. Grayson et al. *v.* A. L. Sanford, Executor, et al.

The right of an heir to an inheritance is not a litigious right within the meaning of Article 2630 of the Civil Code. Such a right may be sold. C. C. 2426.

*A. S.* died, leaving a will in which was the following clause : " I will and bequeath to my wife *A. L. S.*, the use of all of my property both personal and real, during her life." " However, if any of my ch ldren sue for a portion during her life, I then will and bequeath to her all of the property that I can dispose of by will, forever." A child sued for partition, and the question was what were the wife's rights under the will. *Held :* That the husband having made a will, his wife's rights must be fixed by it, and she has no usufruct of his share of the community under the Act of 1844. In the absence of proof to the contrary, the law presumes a community. After payment of the debts of the succession, the wife is entitled to one-half of the residue in her own right, and her husband having left three children, she is entitled to but one-third of his share of the community, and one-third of his separate estate.

APPEAL from the District Court of the Parish of Ouachita, *Richardson,* J. *J. L. Ludeling,* for plaintiffs. *McGuire & Ray,* for defendants and appellants.

Cole, J. *Augustine Sanford* died in the parish of Ouachita, sometime during the year 1855, leaving an estate, which was estimated to be worth $3,632 50, and seven children, issue of the marriage between him and his surviving widow, and two grand-children, issue of a deceased child, also the fruit of said marriage.

*Mary A. Langford,* one of the children of deceased, sold, for a valuable consideration, her interest in the succession of her father, to *D. Y. Grayson,* one of the plaintiffs.

*Grayson,* and *Dunett B. Sanford,* one of the children of deceased, sue for a definitive partition of the estate.

*Ann L. Sanford,* the surviving widow, in her answer, avers that *A. L. Sanford* left a last will, which has been probated and executed ; that she has been appointed and qualified as executrix.

That by said will she is entitled to the use and usufruct of the estate, and to keep its effects in her possession during her life-time.

She avers that one of the plaintiffs, *Grayson,* purchased a litigious claim, and she has tendered him his purchase money.

The first question that arises is, was the interest of *Mary A. Langford,* in her father's succession, a litigious right ?

The Civil Code, Art. 2623, says : " A right is said to be litigious whenever there exists a suit or contestation on the same."

The right of *Mary A. Langford,* as heir, was not contested at the time she conveyed her inheritance, and there was no suit relative to it. Her heirship is admitted by the defendant, and her rights in the succession of her father are definitively fixed by the will and the law.

Art. 2424 C. C. declares, that an inheritance may be sold. Art. 2620 C. C. says : " When a man sells his right to a succession, without particularly specifying the objects of which it consists, he only warrants his right as an heir."

*Mary A. Langford,* by the act of transfer to *A. Y. Grayson,* as one of the heirs of her deceased father, *Augustus Sanford,* sold her right, title and interest to his succession.

As she did not specify the objects of which her right to his estate consisted, she then merely transferred her prerogative as heir; she consequently only warranted her right as heir, and in as much as her quality of heir is admitted, and has never been disputed, she did not then dispose of a litigious right; for a right is only litigious when there exists a suit or contestation on the same. Vide 6 An. 238, *Pearson* v. *Grice.*

The principal point at issue in this cause is, whether the surviving widow is entitled to the usufruct of the half of the community belonging to the estate of her deceased husband, or whether she shall take the portion thereof, which her husband could dispose of by law.

The solution of this question depends on the interpretation of a clause of the will of *Augustin Sanford,* and the law applicable thereto. The said clause reads thus: .

"I will and bequeath to my wife, *Ann L. Sanford,* the use of all my property, both personal and real, during her life." "However, if any of my children should sue for a partition during her life, I then will and bequeath to her all of the property that I can dispose of by law, forever."

If deceased had made no will, his widow, unless she married, would have been entitled, during her natural life, to the usufruct of his share of the community of acquets and gains. Acts of 1844, p. 99, s. 2.

If he had made a will and bequeathed but the usufruct which the law allows, then the donation in the testament of only what the law gave, would not have impaired her legal rights.

In the case at bar, however, the testator donates to his wife the usufruct, but qualifies and limits the donation by the last part of the clause just quoted, to wit:

"However, if any of my children should sue for a partition during her life, I then will and bequeath to her all of the property that I can dispose of by law, forever."

One of his children, and the assignee of another, have sued for a partition, the contingency contemplated by the testator has happened; and the rights of the widow are now fixed by the will to the disposable portion.

As the Act of 1844 only gives the right of usufruct in the portion of the community coming to the deceased, when he has left no will, it is clear that he can give, by his testament, the usufruct of said portion, which would belong to the surviving widow, without any will, or can declare that in the event of a particular contingency, his widow shall inherit the portion of his property, which the law authorizes him to bequeath.

*Augustin Sanford* has done this, and we are now to ascertain what constitutes the property that he could by law dispose of.

Art. 1480 C. C., declares: That "donations *inter vivos* or *mortis causa,* cannot exceed two-thirds of the property of the disposer, if he leaves at his decease a legitimate child; one-half, if he leaves two children, and one-third, if he leaves three or a greater number."

"Either of the married couple may, either by marriage contract, or during the marriage, give to the other, in full, property, all that he or she might give to a stranger." Vide Art. 21st March 1850, No. 300.

The testator left more than three children; therefore, his widow is entitled, under the will, to one-third of all of his property, and the remaining two-thirds belong to his children. C. C. 1482, 1485, 1703. She is also entitled, by effect of law, to one-half of the community, if any exists, for all the effects

which both husband and wife reciprocally possess at the time of the dissolution of the marriage, are presumed common effects or gains, unless they satisfactorily prove which of such effects they brought in marriage, or have been given them separately, or they have respectively inherited. C. C., Art. 2374.

It does not appear from the record, whether all of the property inventoried belongs to the community or not. The law presumes it does, but the parties have the right to rebut the presumption of law. Instead of giving one decree, as if all of the property belonged to the separate estate of the husband, as the judgment does, we will merely declare the principles which must govern the partition.

The surviving widow of *Augustin Sanford* is entitled to one-half of the community by effect of law; to one-third of the other half which belonged to her deceased husband, and to one-third of his separate property; the children and legal heirs are entitled to the balance of the estate. The portions of said widow and children are, however, subject to the charges and debts of the estate, according to law.

The judgment of the lower court does not give to the widow her half of the community property. It may be that this is correct, but we cannot say, because the record does not inform us whether the whole estate is separate property or not. If it is community, then the judgment is incorrect in not allowing to the widow one-half of the community and one-third of the half of her deceased husband. We deem it safer to leave open the question of the nature of the property, and to decide only the proportion to which the widow and the legal heirs are respectively entitled.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended, so as to declare that the surviving widow of *Augustin Sanford* is entitled to one-half of the property which may formerly have been in community between herself and her said deceased husband; to one-third of the other half of the community, being the part which belonged to the testator; and also to one-third of the separate estate of her said husband; and that the children and legal heirs of said *Augustin Sanford* are entitled to the balance of the community and separate property of said deceased; the portions of said widow and heirs being, however, subject to the charges and debts of the estate, according to law. It is further ordered, adjudged and decreed, that the judgment be so amended as to order the notary in making the partition of the property to be divided among said widow and heirs, to follow the principles stated in the judgment of this court. And it is further ordered, adjudged and decreed, that the part of the judgment of the lower court, which is contrary to said amendments, be avoided and reversed; that the judgment so amended be affirmed; and the costs of this appeal be paid by the estate; and this cause be remanded to the lower court for the purpose of partition, and therein to be proceeded with according to law.