No. 9497.

JOHN MCDOUGALL vs. PASCAL MONTEZUN ET ALS.

88 223
110 903

The last article of the Code defining litigious rights to be those which cannot be exercised without undergoing a lawsuit, does not apply to those litigious rights from which one can be released by paying the real price of the transfer under Art. 2652, because the next article particularly defines this latter right to be litigious whenever there exists a suit and contestation on it. These two articles regulate a particular kind of litigious right, and there must be an existing suit for the enforcement of it, or release cannot be had by paying the price of its transfer.

The fact that a suit may be necessary to enforce a claim does not make the claim a litigious right.

Where a peremptory exception, sustained below, has been reversed on appeal, and the record leaves in doubt whether a trial on the merits was had, the cause will be remanded for a trial thereof.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. DeBaillon, J.

---

Breaux & Renoudet for Plaintiff and Appellant.

M. E. Girard, O. O. Mouton and C. D. Caffery for Defendants and Appellees.

---

The opinion of the Court was delivered by

MANNING, J. The plaintiff sues to recover a tract of land of seven hundred and twenty arpents, in Lafayette parish. He acquired title

from Otto Meine, in April, 1883, and Meine acquired from T. O. Starke, and Starke bought at a sheriff's sale in 1866.

In 1873 and 1874 (Meine being then the owner) the land was forfeited for non-payment of taxes and was returned as forfeited to the Auditor's office, in December of 1874 and 1875, respectively. On the 6th of the following May (1876), the tax collector of Lafayette sold the land by public auction, and William Brandt bought it for $65 64, and received from the collector a deed which contained the usual stipulation that the owner might redeem the property within six months. On the 31st of the same month, Meine redeemed the land and obtained from the Auditor his certificate of redemption, and this certificate was recorded in Lafayette the following month, June 15, 1876.

It must be noted that Brandt was then the recorder, and himself recorded this certificate of redemption.

Notwithstanding this certificate of redemption, obtained the same month that Brandt had bought at the tax sale, obtained too through the instrumentality of Brandt who was Meine's agent, and notwithstanding this certificate had been recorded by Brandt himself officially in the next month after his purchase, he sold the land to one Salles in the following January (1877), and this Salles was the deputy of the tax collector and had himself signed the certificate of redemption before its transmission to the Auditor, wherein he certified that Otto Meine had redeemed the land and paid the forfeiture.

Monzelun acquired from Salles four months after Salles took his deed from Brandt, viz: in May, 1877. These three are the defendants.

During the progress of the trial the defendants peremptorily excepted that the plaintiff had bought a litigious right, the reprobation of which by law prevented his recovery. The court did not act on the exception then and the parties proceeded, but the trial being concluded, judgment rested upon that exception alone. It was sustained, and the plaintiff had judgment for one hundred dollars, the price paid by him for the land, with interest from the date of his deed to the filing of the exception.

Litigious rights are defined in the last article of the Code to be those which cannot be exercised without undergoing a lawsuit. This article is exclusively occupied with definitions, and begins with the declaration that whenever the terms of law employed in the Code have not been particularly defined therein, they shall be understood as defined in that article.

A litigious right had been particularly defined in the body of the Code in these words: A right is said to be litigious whenever there

exists a suit and contestation on the same. Art. 2653. We do not conceive that this anterior and particular definition overrides and supersedes that subsequently and generally given. On the contrary the two articles are not inconsistent, as was pointed out in Pearson vs. Grice, 6 Ann. 238, where the Court said: "It is only when forced to commence a lawsuit that it is ascertained that the claim cannot be exercised without undergoing a lawsuit, and it becomes a litigious right by the commencement and existence of the lawsuit."

The definition in Art. 2653 applies to that kind of litigious right which in the article next before is said one can be released from by paying the price at which it was bought. There are different kinds of litigious rights. Article 2652 permits him against whom a litigious right has been transferred to get released by paying the real price of the transfer, and the next article declares when a right is said to be litigious. The collocation of the two articles forces the conclusion that the kind of litigious right that one can be released from by paying the real price of it is that one, the enforcement of which is resisted by an existing suit. Else why the definition immediately following. These two articles are necessarily construed together. They form parts of the same subject-matter, and manifestly relate to and regulate the particular kind of litigious right that is there under consideration, enacting first how one may be released from the attempted enforcement of a litigious right, and then defining what is the litigious right from the enforcement of which this means of escape is provided.

The decisions of this Court have uniformly restricted the meaning of this kind of litigious right to the terms employed in Art. 2653. In Denton vs. Willcox, 2 Ann. 62, the Court dismissed the objection curtly, although from the note of the Reporter it appears to have been argued with citations of numerous authors. It was a purchase of a judgment which was final in that case. This was followed by Marshall vs. McCrea, 2 Ann. 79, where the demand was unquestionably litigious at the date of the transfer, as it was the subject of a suit then pending, but that litigation had ceased and the Court said the demand had lost its litigious character by a judgment which had finally determined the rights of the parties. See also Consol. Assoc. vs. Comeau, 3 Ann. 553. In Pearson vs. Grice. 6 Ann. *ut supra*, it was emphatically said this Court has uniformly refused to avoid the sale of a thing on the ground that it was a litigious right unless suit had been brought to enforce the right at the time of sale, and this was cited and applied in Grayson vs. Sanford, 12 Ann. 646. This was succeeded by Billiot vs. Robinson, 13

Ann. 529, where the Court went further than it had yet done and held, although there was not a formal *contestatio litis* at the time of sale, it appeared from the particular facts of that case that the right purchased was litigious. There was, however, no abrasion of the general rule established by the antecedent decisions, the Court resting its judgment on the special facts of that case.

There was no suit pending at the time of the purchase by the plaintiff of this land, and the fact that a suit might possibly be necessary to enforce his claim to it does not constitute it a litigious right, and therefore the exception of the defendants was improperly sustained.

The affairs of modern commerce would be seriously hampered by a narrower construction of our codal provisions touching litigious rights. No one could safely purchase a mortgage-note lest perchance the maker of it should resist its payment by flimsy pretexts of the invalidity of the mortgage, albeit his resistance might be merely for delay.

Recurrence to the French authorities in the explication of the provisions of our Code corresponding to those of the Napoleon Code are rendered unnecessary when a series of our own decisions have settled the meaning of our own text, but as the lower judge quoted Pothier to sustain his ruling, it is pertinent to remark the fact that his teaching on this subject did not prevail in redacting the Napoleon Code:

"Pothier enseignait que ces expressions comprenaient toutes les créances qui sont contestées ou peuvent l'être, en total ou en partie, par celui qu'on prétend débiteur, soit que le procès soit deja commencé, soit qu'il ne le soit pas encore, mais qu'il y ait lieu de l'appréhender. Au contraire, le Président de Lamoignon n'admettait le retrait que lorsqu'il y aurait litige engagé, ce qui etait également professé par Rousseaud de la Combe et par Mornac. Les rédacteurs du Code ont adopté cette dernière opinion et ils ont déclaré dans l'art. 1700, que la chose est censée litigieuse des qu'il y a procès et contestation sur le fond du droit." Répertoire Général, 5 *tome*, 910, secs. 70-2. See the full discussion of the French commentators in 13 Ann. 529-535.

From the statement of the chain of title hereinbefore given, it is manifest that the plaintiff is entitled to recover. He derives from Otto Meine, who had redeemed the land from the tax sale within the time permitted by the statute under which it was sold. The defendant, Monlezun, derives his title from that tax sale, the effects of which had been nullified by the redemption. His immediate vendor is the deputy of the tax collector who had himself signed the certificate of redemption, and his vendor in turn is the recorder who had recorded

that certificate. And all these acts had been done several months before either of these defendants began to create that simulacrum of title which they urge now to defeat the plaintiff's claim. Brandt and Salles were unquestionably in bad faith, and there is nothing in this record to shew that Monlezun was not in like condition.

It is therefore ordered and decreed that the judgment of the lower court is reversed, and it is further decreed that the plaintiff have and recover of the defendants the tract of land described in his petition, with costs of both courts.

## DISSENTING OPINION.

BERMUDEZ, C. J. The right of the defendants to be relieved, depends upon whether or not the right acquired and sought to be enforced is a *litigious right*.

The proof in the record leaves no doubt that when McDougall purchased from Meine he was *fully aware* that the pretensions of the latter to the land in question could not be enforced before the sale, *without undergoing a lawsuit*.

He had been informed, in answer to overtures which he had caused to be made to defendants, that they would not yield, unless to the superior power of law. So that he was *aware*, not only that a suit was *possible*, but that it was *certain*.

It is worthy of note that the purchase price was $100, for property actually worth several thousand dollars.

The Code contains in its body two articles on the subject of *litigious rights*, viz: Art. 2447, which forbids the purchase of *such* rights by certain officers of the law; and Art. 2652, which refers to all other persons whomsoever, against whom litigious rights may have been validly transferred.

The former does not *define* litigious rights. The latter declares a right to be litigious whenever there exists a suit and contestation on the same.

This declaration is undoubtedly correct, as far as it goes; but it is incomplete, for Art. 3556 (18) R. C. C., with which the Code closes, further defines litigious rights to be those which cannot be exercised *without undergoing a lawsuit*.

Pothier, who wrote before the Napoleon Code was framed, and from whose commentaries copious extracts were made and incorporated in that remarkable body of legislation, says:

"On appelle *Créances litigieuses* celles qui sont contestées, ou peuvent l'être, en total, ou en partie, par celui qu'on en prétend le débiteur,

soit que le procès soit déjà commencé, soit qu'il ne le soit pas; mais il faut qu'il y ait lieu de l'appréhender." Vente No. 584.

After giving this definition, which sets forth with precision and particularly what constitutes a litigious right, the author proceeds to illustrate.

His definition, though qualified by Merlin, is kindred to that which the latter himself gives while dealing with this subject. Vo. Droits litigieux No. 1.

Pothier's definition was not however embodied in the Napoleon Code, which simply relates to such rights when *actually in litigation*.

That definition was not adopted in the Code of 1808, which followed in the main the Napoleon Code; but the jurists who revised that body of laws thought differently from the *"Conseil d'Etat."* They amplified the existing legislation and perfected it by incorporating Pothier's definition substantially in the Code of 1825, which still rules under the name of the Revised Code of 1870.

Hence it is, that although Articles 2652, 2653 and 2447 of our Code substantially correspond with Articles 1699, 1700 and 1597 of the French Code, no vestige of Article 3556 (18) is to be found in it.

Article 1699, C. N., with which Article 2652 (2622) of the L. C. corresponds, derives from two Roman laws (*per diversas et ab Anastasio*), made in dislike of buyers of suits.

Pothier says that the legislation had for its purpose to put a stop to the cupidity of purchasers of litigious rights and to judicial controversies. Pothier Vte. 591, Maleville, Conseil d'Etat, Dec. 31, 1803.

In the case of Billiott vs. Robinson, 13 Ann. 535, in which the question of the construction of those various provisions of the Code of 1825 (retained in that of 1870, R. C. C.) was presented, the Court, while pretermitting any formal or decisive opinion, actually said:

"If a technical *contestatio litis* had not been formed, the parties have admitted in their solemn acts that a real one was before them."

In Spears vs. Jackson, 30 Ann. 525, the Court did not undertake to solve the question.

In Duson vs. Dupré, 33 Ann. 1132, the present Court announced, after quoting Pothier and comparing the various articles, that a litigious right is that which cannot be realized *without* undergoing a lawsuit, or a right touching which there exists a suit or a contestation.

This conclusion is undoubtedly correct.

The language found in Article 2652, that "a right is said to be litigious whenever there exists a suit and contestation over the same, is not a definition.

McDougall vs. Monlezun et als.

It is an illustration of what may be a litigious right. It is nothing after all, but this: that whenever there exists a suit and contestation touching a right, that right is said to be litigious.

To define is to express with precision the constituent ingredients of the essence of that which is to be defined—incongruous, accidental and extraneous features being left out—in such manner that the definition will not apply to any other object than that defined.

The article does not assume to define with any particularity what a litigious right is in general. It merely declares that a disputed right in suit is a litigious right, and does not assume to propound that none but such litigated rights are litigious rights.

There exists a material and glaring dissimilitude between litigated and litigious rights.

The former are such as are actually contested in court; the latter such as may be disputed there, or are open to contestation.

So that the words *"litigious rights"* would rather apply, in their general sense, to rights not in actual suit.

Owing to the circumstances then, that the exact and full meaning of the terms *litigious rights* is not given in the article, it becomes necessary, in order to ascertain what are the true real characteristics which constitute essential ingredients or elements of a litigious right, to have recourse to Article 3556, which was framed for the special purpose of expounding the signification of law terms used in the Code, and not *therein particularly defined.*

Paragraph 18 of that article determines and announces broadly and emphatically that *"litigious rights are those which cannot be exercised without undergoing a lawsuit."*

This definition is essential. It is exact, full, precise and ample. It embraces within its extensive compass all rights, as well such as are actually in litigation before the court, as such as may eventually be litigated and which cannot be exercised without a lawsuit.

From this view of the law, it is manifest that the right purchased by plaintiff and here sought to be exercised, was a litigious right to the knowledge of plaintiff and has not ceased to be such, and that under the special provisions of Article 2652, the defendants are entitled to get released by paying to the transferee the real price of the transfer.

I therefore dissent.

{ Mr. Justice Poché concurs in this opinion.

ON APPLICATION FOR REHEARING.

MANNING, J. The defendants complain of our decree in every particular. We adhere to our opinion on the question of litigious rights, but the record leaves a doubt in our minds whether the trial on the merits was had in full. The transcript is a bungle and may well have misled us, and as the judgment of the lower court was on the exception alone, we shall remand the case for a trial on the merits. The rehearing is granted.

ON REHEARING.

MANNING, J. It is ordered and adjudged that our decree reversing the judgment below remain unaltered, and that the other branch thereof whereby final judgment was rendered in favor of the plaintiff is avoided and set aside, and the case is remanded to the lower court for further proceedings according to law, the defendants to pay the costs of appeal and those of the lower court to await the final decision of the cause.

Bermudez, C. J., absent.

Poché, J., concurs in the decree remanding the cause.