210 So.2d 110 (1968)
Hugh A. HAWTHORNE et al.
v.
HUMBLE OIL & REFINING COMPANY.
No. 7298.
Court of Appeal of Louisiana, First Circuit.
April 8, 1968.
Rehearing Denied May 27, 1968.
*111 John M. McCollam, Andrew McCollam, Jr., Bernard J. Caillouet, Edward de la Garza, New Orleans, Aubert D. Talbot, Napoleonville, for appellants.
Taylor Caffery, New Orleans, Felix H. Savoie, Jr., Napoleonville, for appellee.
Before LOTTINGER, ELLIS, and CUTRER, JJ.
ELLIS, Judge.
This suit originally was filed by Hugh A. Hawthorne and Peter Des Jardins against Humble Oil & Refining Company, seeking the cancellation of a mineral lease covering certain properties in St. James and Assumption Parishes. The petition was filed on August 24, 1965. On September 3, 1965, Hawthorne and Des Jardins sold to Lawrence P. Ordoyne a portion of the property covered by the mineral leases. On September 20, Hawthorne and Des Jardins on the one hand, and Ordoyne on the other, entered into an act of exchange by virtue of which Hawthorne and Des Jardins received one half of the minerals under the property originally transferred to Ordoyne, and Ordoyne received one half of the minerals under certain other properties also covered by the said mineral lease. In the deed of September 3, Ordoyne specifically took cognizance of the existence of this case, obligated himself to become a party plaintiff herein, and to pay his proportionate part of the costs and fees in connection herewith.
On October 13, 1965, Humble filed an answer to the original petition. On November 15, 1965, a supplemental petition was filed by Hawthorne, Des Jardins and Ordoyne which detailed the sale and exchange hereinabove mentioned, and which joined Ordoyne as a party plaintiff in the case. On July 22, 1966, Humble filed a rule nisi which detailed the sale and exchange, and which alleged that under the provisions of Article 2652 of the Civil Code it had deposited the amount of the purchase price recited in the sale, with interest. It prayed that Ordoyne be ordered to show cause why he should not be required to transfer to Humble the property acquired by him. The rule was dismissed by the district judge and Humble petitioned for an appeal which was denied. We granted certiorari for the purpose of reviewing the judgment denying the appeal, *112 and ordered that the appeal be granted. See Hawthorne v. Humble Oil & Refining Company, 200 So.2d 52 (La.App. 1 Cir. 1967).
The question presented by this appeal involves whether or not a litigious right within the meaning of the law was transferred herein, and if so, what was the extent of the right, and to what extent should the defendant be permitted to redeem it.
The applicable provisions of the Civil Code are as follows:
"Art. 2652. He against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer, together with the interest from its date."
"Art. 2653. A right is said to be litigious, whenever there exists a suit and contestation on the same."
"Art. 3556. Whenever the terms of law, employed in this Code, have not been particularly defined therein, they shall be understood as follows:

* * * * * *
"18. Litigious RightsLitigious rights are those which can not be exercised without undergoing a lawsuit."
Our Courts have consistently held that the definition of litigious right, as the term is used in Article 2652, is that set forth in Article 2653, and that Article 3556 (18) does not apply. McDougall v. Monlezun, 38 La.Ann. 223 (1886); Sanders v. Ditch, 110 La. 884, 34 So. 860 (1903). It follows that a right transferred before a suit relative thereto has been filed is not a litigious right. McDougall v. Monlezun, supra; Sanders v. Ditch, supra; Grayson v. Sanford, 12 La.Ann. 646 (1857); Wood v. Zor, Inc., 154 So.2d 632 (La.App. 4 Cir. 1963). It is also clear that a right transferred after suit is instituted and an answer filed thereto, and before the judgment therein is final, is a litigious right, since there is a suit and contestation thereon. See Smith v. Cook, 189 La. 632, 180 So. 469 (1938).
Appellants argue that Article 3556(18) should be applied, and cite certain language from Pearson v. Grice, 6 La.Ann. 232 (1851) as well as McDougall v. Monlezun, supra, in support of their argument. This position is untenable. Although those cases do recite that Article 2653 and Article 3556 (18) are not inconsistent, they also squarely hold that Article 2653 contains the controlling definition, and that Article 3556(18) is inapplicable. Neither are these cases, or any of the others hereinabove cited, authority for the proposition that a right is litigious if transferred after suit is filed but before contestation. In each of the cases, the transfer took place before suit was filed, and not after, and the necessity for a contestation was not before the Court.
This case fits in neither of the above categories, since, at the time of the transfer herein, the only pleading in the record was the petition. Plaintiffs claim that since no answer was filed, there was no "contestation" on the suit, and the right transferred was not litigious. They rely on the old case of Prevost's Heirs v. Johnson, 9 Mart. (O.S.) 123 (1820) in which it was said, in dicta, that an answer must be filed for there to be a contestation. Planiol, in his Traite Elementaire de Droit Civil, No. 1653, adopts the same definition of a litigious right, stating that the litigation must be on the merits of the case before the right can be said to be litigious. See also Sirey, Code Civil Annote, Parish, 1833, Arts. 1699 et seq.; Fuzier-Herman et Barras, Codes Annotes, Code Civil IV, subarticle 1700, Code Napoleon. These authorities, and we are cited none to the contrary, are unanimous that there must be an answer filed, or at least some pleading to the merits of the case, before there is a contestation.
Appellants rely on the cases of Billiot v. Robinson, 13 La.Ann. 529 (1858), and Spears v. Jackson, 30 La.Ann. 523 (1878). At the time of the transfer in these two *113 cases, although there was no technical contestation as defined by Prevost's Heirs v. Johnson, supra, and the French authorities, the Court found that a contestation existed. The opinion in the Billiot case, however, was limited to its peculiar facts, which have no application here.
In the Spears case, plaintiff instituted an executory proceeding, and subsequently transferred the mortgage note to another. At some time after the suit was filed, the parties stipulated dehors the record to convert the proceeding to one via ordinaria, so that the defendant could present proof of certain alleged payments and offsets. The time of the stipulation was not shown. The Court concluded, from the circumstances shown by the record, that the stipulation took place before the transfer, and found that there was a contestation within the meaning of Article 2653. The Spears case has never been followed, and we feel that it, like the Billiot case, should be restricted to its facts. The decision is clearly based on the equities of the case, arising out of the agreements of the parties. No such equities exist in this case.
Appellant further contends that the procedural concept of "contestatio litis" or joinder of issue, as contained in Article 359 of the Code of Practice of 1870, has been discarded in the new Code of Civil Procedure as being outdated doctrine. We agree that this concept no longer forms any part of our procedural law. However, we cannot agree with appellant's position that this change in our procedural law can have the effect of removing the requirement for a "contestation" from Article 2653. Articles 2652 and 2653 of the Civil Code create a substantive right and delineate the circumstances under which it may be exercised. These articles are not in any way modified by the provisions of the Code of Civil Procedure, which are procedural and not substantive in nature and effect.
We are of the opinion that, in the absence of some pleading putting the merits of the case at issue, there is no contestation within the meaning of Article 2653. No such pleading had been filed herein at the time of the sale of the property. Any right transferred by virtue of the sale was therefore not a litigious right, subject to redemption.
Since we are of the opinion that no litigious right was transferred, there can be no redemption thereof, and it is not necessary that we consider the other questions presented by this appeal.
The judgment appealed from is affirmed, at appellant's cost.
Affirmed.