551 So.2d 824 (1989)
Peter J. CALDERERA, Tim Hooks, Lee J. Monlezun, J. D. & James Robinson, Plaintiffs-Appellees,
v.
Pat O'CARROLL, Defendant-Appellant.
No. 88-246.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
Writ Denied January 12, 1990.
*825 Woodley, Williams, Thomas Solari, Lake Charles, for plaintiffs-appellees.
Boellert, Boyer & Cagle, Karl F. Boellert, Lake Charles, for defendant-appellant.
Before DOUCET, KNOLL and KING, JJ.
DOUCET, Judge.
On February 5, 1985, plaintiffs Calderera, Hooks, Monlezun, and Robinson obtained a money judgment for $13,563.96 plus interest and attorney's fees against defendant, O'Carroll. On June 4, 1985, these judgment creditors obtained a writ of fieri facias and the Sheriff seized O'Carroll's 1982 Mercedes-Benz automobile. On July 2, 1985, O'Carroll filed a petition to enjoin the seizure and sale of his car on the ground that by statutory definition, the Mercedes was not a "luxury" automobile, hence exempt from seizure as the vehicle was used solely for transportation to or from the place at which he earned his livelihood. In his petition, O'Carroll prayed for the assessment of damages caused by the allegedly wrongful seizure. Offset was formally and specially pleaded by plaintiffs in response to O'Carroll's claim for damages.
In October of 1985, the District Court granted a preliminary injunction and ordered the vehicle released. A trial on the merits was held, and at the conclusion of the trial, the matter was taken under advisement.
On May 15, 1986, O'Carroll filed a voluntary petition for relief under Chapter 7 of the Federal Bankruptcy Act and his rights in the pending litigation became part of the bankrupt's estate under the control of Rudy O. Young, the court-appointed Trustee.
On May 30, 1986, the District Court issued a written opinion that the automobile was exempt from seizure, that the preliminary injunction against the seizure and sale should be made permanent, that O'Carroll was entitled to damages in the sum of $8,216.42, being $3,133.62 for rental of a replacement automobile and $4,582.80 for attorney's fees, and that these damages were set-off against the judgment obtained by plaintiffs on February 5, 1985.
In August of 1986, the Trustee issued a notice to all interested parties, including plaintiffs, that unless a higher bid was received or objection was filed, he intended to sell the "rights to the litigation over the wrongful seizure of the debtor's automobile...."
*826 On September 5, 1986, plaintiffs filed an opposition to the proposed sale and on September 25, 1986, the Bankruptcy Court conducted a hearing on the trustee's motion and the objections filed thereto. The objections were overruled.
On October 9, 1986, the Bankruptcy Court entered an order discharging O'Carroll from all personal liability for debts existing on the date of the commencement of his Chapter 7 case, declaring any existing judgment against him to be null and void, and prohibiting all creditors from attempting to collect any discharged debt or judgment.
On October 14, 1986, the Bankruptcy Court entered an order granting the Trustee authority to sell or assign the right to continue the litigation over the wrongful seizure of the Debtor's automobile in the state court proceeding. Pursuant to this order, the Trustee then executed an assignment of the claim to O'Carroll for $250.00 and 10% of all monies recovered in the litigation.
On October 24, 1986, in accordance with the written opinion rendered on May 30, 1986, the District Court signed a judgment permanently enjoining the seizure of O'Carroll's automobile granting damages in the amount of $8,216.42, and offsetting such damages against the judgment obtained by plaintiffs against O'Carroll.
On the timely filed application for and hearing of a new trial, the District Court rendered further written reasons for judgment on December 21, 1987. The court affirmed the judgment in all respects except that it found that the judgment against plaintiffs was not subject to compensation and set-off against the judgment obtained by plaintiffs against O'Carroll on February 5, 1985. The court then applied La.C.C. art. 2652 to the judgment which permits plaintiffs to release themselves from this litigious right against them by paying to O'Carroll the real price of the transfer which was recognized and fixed at $250.00. Plaintiffs paid this amount into the registry of the court. A judgment was signed in accordance with the written reasons on January 11, 1988.
O'Carroll appealed the January 11, 1988, judgment. Plaintiffs appealed separately. O'Carroll then answered the appeal of the plaintiffs in order to preserve his right, if any, to an increase in the attorney's fees awarded by the trial court.
In his appeal, O'Carroll asserts that:
1. The award of damages for the wrongful seizure was proper and should be sustained; but
2. The declaration of the District Court that the assignment of his claim by the Trustee in bankruptcy, as owner of the claim, constituted the sale of a litigious right was erroneous and should be overturned.
On the other hand, Plaintiffs urge that:
1. The automobile was not exempt from seizure;
2. But if it was, the damages awarded should have been set-off against the prior money judgment in their favor;
3. The assignment of O'Carroll's right to recover damages and attorney's fees in this litigation does constitute the sale of a litigious right;
4. The attorney's fees awarded by the trial court are simply part of the damages and should not be separately considered.

THE LITIGIOUS RIGHTS ISSUES
As previously stated, the lower court concluded that the assignment of the claim by the Trustee to O'Carroll constituted the sale of a litigious right. O'Carroll asserts that the lower court erred when it made this finding. We disagree.
La.C.C. art. 2653 defines "litigious right" as follows:
"A right is said to be litigious, whenever there exists a suit and contestation on the same."
In Hawthorne v. Humble Oil & Refining Co., 210 So.2d 110 (La.App. 1st Cir.1968), writ refused 252 La. 832, 214 So.2d 160 (1968), the court further defined "litigious right" and stated at 112:
"... a right transferred after suit is instituted and an answer filed thereto, *827 and before the judgment therein is final, is a litigious right, since there is a suit and contestation thereon."
In the instant case, the record reflects that O'Carroll's petition for damages for wrongful seizure was filed on July 2, 1985, that plaintiffs formally pleaded offset on April 16, 1986, that a trial was held on April 21, 1986, that judgment was rendered on May 30, 1986, that the right was transferred to O'Carroll on October 17, 1986, and that the judgment of the lower court was signed on October 24, 1986. Thus, it is clear, that all of the requirements set forth in La.C.C. art. 2653 and Hawthorne, supra, are present in the instant situation.
After concluding that the claim was a litigious right, the District Court then applied the provisions of La.C.C. art. 2652 which states:
"He against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer, together with the interest from its date."
As previously stated, O'Carroll bought from the Trustee the rights to the litigation over the wrongful seizure of his automobile for $250 and 10% of any monies recovered in the litigation. The District Court concluded that the "real price of the transfer" was $250.00 and allowed plaintiffs a certain period of time to pay this amount. The District Court made the determination that the agreement by O'Carroll to pay the Trustee 10% of the monies recovered in the litigation had no value since this amount was contingent on award. O'Carroll asserts that the District Court should have awarded 10% of the total judgment in his favor, i.e., 10% of $8,216.42, or $821.64. We disagree. As correctly stated by the District Judge in his reasons for judgment:
"If his assignee [O'Carroll] made a recovery, he [Trustee] was to receive 10% of the recovery. If O'Carroll made no recovery, whatever the reason, the Trustee would receive nothing more than the $250.00." "The codal article [La.C.C. art. 2652] does not speak in terms of what the seller of a litigious right has expectations of receiving. It only speaks of reimbursement to the purchaser of the price."
The 10% contingent price was merely a hope, thus, we conclude that the District Court was not in error when it found the "real price of the transfer" to be $250.00.
In connection with the "litigious rights" issues, O'Carroll asserts that even if his claim is a "litigious right," La.C.C. art. 2652, which allows the redemption of said right upon its transfer to a third person, is not applicable since there was no transfer in the sense that the Civil Code intended to apply that term. O'Carroll supports this assertion by stating that the transfer from himself to his bankrupt estate or the Trustee of his bankrupt estate was not voluntary or consensual and that the transfer from the Trustee back to himself was merely a restoration of capacity, a merging of equitable with legal title. We reject these assertions. We are aware of no statutory or jurisprudential authority which would mandate this court to characterize the assignment as anything but a transfer. Thus, we will not disturb the District Court's findings with respect to this issue on appeal.
The final point of O'Carroll's argument in this regard is that the "litigious rights" issue was raised by plaintiffs in the federal forum (Bankruptcy Court) and properly considered in an adversary setting and the issue is therefore res judicata and should be given full faith and credit. We disagree.
What O'Carroll is referring to is the fact that over plaintiffs' objections, the Bankruptcy Judge ordered the sale of O'Carroll's right to continue the litigation. However, in its ruling on plaintiffs' oppositions to the sale, the Bankruptcy Judge made no ruling on the substance of the opponents' claims that the rights were litigious, or on the substance of plaintiffs' alternative request to retain the claim and let the District Court resolve the state law issues. Instead, the Bankruptcy Judge's order decided only that the complaints of these plaintiffs were not sufficient to interfere with the proposed sale or to deny the bankruptcy estate the $250.00 and 10% hope.
*828 No determination of the substantive merits of the claims or opposition can be read into this purely ministerial administrative determination. Thus, we reject this assertion.
Having found that the trial court was correct in concluding that the transfer was a litigious right and that plaintiffs were therefore released after paying to O'Carroll the real price of the transfer together with interest, it is unnecessary to address the other specifications of error by plaintiffs and O'Carroll.
Accordingly for the reasons assigned, the judgment of the lower court is affirmed. Costs are assessed as follows: ½ to plaintiffs and ½ to O'Carroll.
AFFIRMED.
KNOLL, J., concurs in the result only.