laGOTHARD, Judge.
The defendant, Richard Keyworth,[1] appeals a judgment in favor of the plaintiff, The Merit Corporation. For the following reasons, we affirm.

FACTS/PROCEDURAL HISTORY

On November 29,1991, the defendant executed a promissory note in favor of the First National Bank of Jefferson Parish (“First National”) in the amount of $65,000, plus interest at an adjustable rate. The note was *1290 payable on demand or, if no demand was made, on February 27, 1992, in one payment of all outstanding principal plus all accrued unpaid interest. The parties subsequently agreed to extend the maturity date of the note until September 29, 1993. Securing the note was a collateral mortgage executed by Richard and Patricia Neal Keyworth against certain immovable property located in Jefferson Parish.
IgThe defendant defaulted in the repayment of the note. Thus, on January 6, 1994, First National filed a petition for executory process seeking the seizure and sale of the property subject to the mortgage. Accompanying the petition was an affidavit by Vincent Vastóla, then a senior vice-president of First National, which established that the amount owed on the note was $48,622.24 in principal and $2,117.78 in interest. Further, Mr. Vas-tola’s affidavit stated that First National’s prime lending rate on the date of the filing of the lawsuit was 12.25% per annum. On January 10,1994, the trial court signed an order of executory process, thereby authorizing the sheriff to seize the defendant’s property for judicial sale.
During the next several months the sale of the property was delayed for various reasons. Then, on August 1,1994, First National merged into and became part of Hibernia National Bank (“Hibernia”). On December 14,1994, the defendant paid Hibernia $20,000 in consideration for Hibernia canceling the scheduled sale of the property. Subsequently, on March 31,1995, Hibernia sold the note to The Merit Corporation (“Merit”), which was substituted as plaintiff in this matter.
Thereafter, Merit had the sale of the property set for June 7, 1995. On that date, the defendant filed a petition for a temporary restraining order and to convert the proceeding from executory to ordinary. The trial court then stayed the proceeding until a hearing could be held on the defendant’s petition. On June 14, 1995, the parties entered into a consent order which dissolved the stay previously issued and denied the defendant’s request for a preliminary injunction. Further, the order stated that the plaintiff could proceed after sixty days with the sale of the property and that a hearing would be held to determine whether the plaintiff had the right to proceed by executo-ry process and, if so, the exact amount owed by the defendant to the plaintiff, including attorney’s fees.
UThe hearing was held on July 25, 1995. Mr. Vastóla verified his affidavit by testifying as to the balance owed on the note and the interest rate in effect at the time the petition was filed. The defendant identified his signature on the promissory note and testified that he agreed he owed $48,622.24 on the note, as stated by Mr. Vastóla. Further, the defendant testified that the only payment he had made on the note since the filing of the petition for executory process was the $20,-000 payment on December 14,1994.
Before the trial court, the defendant argued that Hibernia’s sale of the note to Merit constituted the sale of a litigious right. Therefore, the defendant argued that he was entitled to exercise his right to litigious redemption. To this end, the defendant elicited testimony from the plaintiffs representative that Merit, while the instant litigation was pending, had paid Hibernia $29,000 for Hibernia’s interest in the promissory note. However, the trial court concluded that Merit’s purchase of the note was not the purchase of a litigious right. Thus, the trial court refused to allow the defendant to exercise his right to litigious redemption.
Prior to the hearing, the defendant had caused a subpoena duces tecum to be issued to Hibernia seeking the entire file relative to the promissory note, including information regarding the transfer of the note from Hibernia to Merit. Hibernia moved to quash the subpoena. The trial court did not explicitly rule on the motion but in effect granted it as the defendant was not given access to the materials he sought from Hibernia. Additionally, several exhibits offered by the defendant were excluded from evidence because they could not be authenticated. Finally, the defendant sought to question Marcus Giusti, the plaintiffs attorney. The trial court refused to allow Mr. Giusti to testify, except as to the matter of attorney’s fees.
*1291 IsAt the conclusion of the hearing, the trial court ruled that the defendant owed the plaintiff $36,358.56 in principal, $2,135.15 in interest, future interest at a rate of 12.25% per annum until the note was paid in full,[2] and $10,065 in attorney’s fees, plus costs. From this judgment, the defendant has appealed.

ASSIGNMENTS OF ERROR

The defendant has assigned the following errors by the trial court: (1) the court erred in not finding the transfer of the note from Hibernia to Merit to be the sale of a litigious right and thereby allowing the defendant to extinguish his obligation by paying Merit the purchase price of the note from Hibernia; (2) the court erred in its determination of attorney’s fees; (3) the court erred in not ruling as to whether Merit had the right to employ executory process; (4) the court erred in not ruling on the motion to quash the subpoena; (5) the court erred in excluding from evidence the defendant’s exhibits; and (6) the court erred in refusing to allow the defendant to question the plaintiffs attorney.

DISCUSSION

The first issue raised by the defendant is whether the trial court erred in determining that the transfer of the note from Hibernia to Merit did not constitute the sale of a litigious right. La.C.C. art. 2652 provides that when “a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.” Here, Merit paid Hibernia $29,000 for the note. Therefore, if article 2652 is applicable, the defendant can exercise his right to litigious redemption and | (¡extinguish his obligation by paying Merit $29,000 plus interest, rather than the approximately $50,000 for which he was cast in judgment.
Article 2652 defines a litigious right as one that is “contested in a suit already filed.” The jurisprudence establishes that a right is contested once an answer or defense has been filed in response to the petition. Calderera v. O’Carroll, 551 So.2d 824, 826-27 (La.App. 3d Cir.1989), writ denied, 556 So.2d 60 (La.1990); Hawthorne v. Humble Oil and Refining Co., 210 So.2d 110, 112 (La.App. 1st Cir.), writ denied, 252 La. 832, 214 So.2d 160 (1968). In an executory proceeding, defenses or objections may be asserted either through an injunction to arrest the seizure and sale, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale. La.C.C.P. art. 2642. In the instant case, the defendant filed a petition for a temporary restraining order and preliminary injunction, thereby contesting the plaintiffs right to seize and sell the encumbered property. However, the defendant did not file this petition until June 7, 1995, while the transfer of the note from Hibernia to Merit occurred on March 31, 1995. Therefore, at the time of the transfer of the note, the defendant had not yet contested the plaintiffs right to recover within the meaning of article 2652. Accordingly, the trial court was correct in ruling that the sale of the note from Hibernia to Merit did not constitute the sale of a litigious right.
In his second assignment of error, the defendant contends that the trial court erred in its determination of attorney’s fees. The trial court awarded $10,065 in fees. The record reveals that Mr. Giusti, the plaintiffs attorney, submitted invoices to the trial court which support the amount of the fee awarded. However, Mr. Giusti represented Hibernia when it owned the note and then represented Merit after the sale of the note. Thus, the invoices submitted by Mr. Giusti include work he did |7while employed by Hibernia. The defendant argues that he should only be liable for the fee earned by Mr. Giusti in his representation of Merit, which totals $1,300.
In Walker v. Investment Properties, Ltd., 507 So.2d 850 (La.App. 5th Cir.), writ denied, 513 So.2d 293 (La.1987), we addressed the question of attorney’s fees in the context of a *1292 suit to collect on several promissory notes. In Walker, the creditor argued that the debt- or had not made an unconditional tender on the note because the debtor did not agree to pay the attorney’s fees stipulated in the note. Id. at 852-53. In short, we rejected the creditor’s argument, ruling instead that stipulated attorney’s fees belong to the attorney rather than the creditor. Id. at 853. Thus, we concluded that such fees are subject to court regulation and must be reasonable. Id.
Applying the rule of Walker to the instant case, we find that an award of attorney’s fees is appropriate based on the work done by Mr. Giusti for Hibernia, as well as for Merit. This is because the work performed by Mr. Giusti for Hibernia furthered the plaintiffs eventual recovery on the promissory note. We emphasize that the fees awarded are for the benefit of Mr. Giusti and not Merit. We further note that a different question would be presented if there was evidence in the record that Hibernia had paid Mr. Giusti for his services. In such a situation, the attorney’s fee would only be awarded based on Mr. Giusti’s representation of Merit. Otherwise, Mr. Giusti would be the recipient of a double recovery or, more aptly, an unearned fee. Such a result would violate the Rules of Professional Conduct, as well as the Supreme Court’s holding in Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978). See Rule 1.5, Rules of Professional Conduct. However, there is nothing in the record to indicate that Hibernia paid Mr. Giusti for his | grepresentation. Therefore, we uphold the trial court’s award of fees based on the work done by Mr. Giusti for both Hibernia and Merit.
Further, we find no error in the amount of the fees awarded by the trial court. The defendant argues that the amount of the fees, $10,065, is excessive because it is more than twenty-five percent of the unpaid debt on the note, or $38,488.71. The promissory note states “[i]f Lender refers this Note to an attorney for collection, or files suit against Borrower to collect this Note, or if Borrower files for bankruptcy or other relief from creditors, Borrower agrees to pay Lender’s reasonable attorneys’ fees in an amount not exceeding 25% of the unpaid debt then owing under this Note.” From the above quoted language, it is apparent that the important time for determining the debt “then owing” is when the lender refers the note for collection, not when judgment is rendered. When the instant suit was filed, the unpaid debt amounted to $48,622.24. This is the important figure for determining the amount of the fees, rather than the $38,-488.71 in debt remaining at the end of the litigation. The attorney’s fees awarded, $10,-065, are less than twenty-five percent of $48,-622.24, or the “unpaid debt then owing”. Additionally, having reviewed the record, we find the amount of the fees awarded to be reasonable. Thus, the trial court did not err in the amount of attorney’s fees it awarded.
Next, the defendant asserts that the trial court erred in failing to rule on whether Merit had the right to employ executory process. While the judgment does not specifically state that Merit had the right to proceed by executory process, the trial court implicitly ruled that the plaintiff could so proceed by authorizing the seizure and sale of the mortgaged property. The defendant argues that Merit forfeited its right to proceed by executory process because it deliberately concealed |9the fact that it had purchased the note from Hibernia, thereby prejudicing the defendant’s right to litigious redemption under article 2652.
We find that the record does not support the defendant’s position. On April 25, 1995, Hibernia filed a motion to substitute Merit as plaintiff in this action. The motion, which stated that Merit had purchased the note from Hibernia, was served on the defendant. Thus, the defendant had notice that Hibernia had transferred the note to Merit. Accordingly, this assignment of error lacks merit.
In his fourth assignment of error, the defendant argues that the trial court erred in not ruling on Hibernia’s motion to quash the subpoena duces tecum issued for the file relative to the promissory note. As discussed earlier, the court effectively granted the motion to quash as the defendant was not given access to the materials he sought. In support of the motion to quash, Hibernia argued that the defendant had not satisfied *1293 the requirements for a subpoena set forth in La.R.S. 6:333. This statute provides, in pertinent part, that a “bank shall disclose financial records of its customers only pursuant to a lawful subpoena ... only if the bank is furnished by the person requesting the subpoena ... an affidavit that such subpoena ... has also been personally served upon the customer, or upon his counsel of record, whose records are sought, at least ten days prior to the date on which the records are to be disclosed....”
The defendant does not contend that he complied with the above stated requirements of La.R.S. 6:333. However, the defendant argues that Merit is not a customer of Hibernia within the meaning of the statute. Thus, the defendant argues that the statute is inapplicable to this case and that therefore the motion to quash should have been denied. There is some support for the defendant’s position in the record. For example, Merit’s representative testified that the corporation does not lipmaintain an account with Hibernia. Hibernia, however, argued that Merit was its customer not because it maintained an account at the bank but instead because Merit had purchased the note from Hibernia.
We agree with Hibernia that Merit qualifies as a customer so as to come within the protection of La.R.S. 6:333. The statute does not define “customer” but the term is commonly understood to mean “one who buys something”.[3] Here, Merit bought the promissory note in question from Hibernia. Thus, Merit was a customer of Hibernia in relation to the purchase of the note. Accordingly, La.R.S. 6:333 applied to the subpoena issued by the defendant and, as the defendant did not comply with the statute, the motion to quash should have been granted. Therefore, we find no error in the trial court’s ruling on this issue.
In his fifth assignment of error, the defendant argues that the trial court erred in excluding from evidence certain exhibits. The disallowed exhibits, which are not included in the record, consisted of a letter sent by Merit’s counsel to the defendant, a copy of an affidavit by a Hibernia official, and a copy of calculations prepared by the defendant’s accountant regarding the balance owed on the loan.
La.C.E. art. 901 provides that authentication of evidence is a condition precedent to admissibility. The trial court excluded the above described exhibits because they could not be authenticated and they were not self-authenticating. Having reviewed the record, we find that the defendant did not offer any witnesses to authenticate the excluded exhibits. Thus, we conclude that the trial court did not err in excluding the evidence.
Finally, the defendant argues that the trial court erred in not allowing him to question Mr. Giusti, the plaintiffs attorney. The trial court allowed limited In questioning of Mr. Giusti on the issue of his fee, but the defendant chose not to pursue this line of inquiry. Instead, the defendant wanted to question Mr. Giusti regarding his work for Hibernia prior to the sale of the note to Merit.
Clearly, the information sought by the defendant is privileged. Furthermore, Hibernia’s representative stated at the hearing that Hibernia did not want to waive the privilege. Moreover, having reviewed the record, we do not see how the information sought is essential to this case. See La.C.E. art. 508. The overriding issue in this case is, simply put, how much does the defendant still owe the plaintiff on the promissory note. Following the transfer of the note, the defendant testified that he agreed with Merit that the remaining balance on the note was $48,-622.24. Thus, we fail to see the relevance of Mr. Giusti’s work for Hibernia to the fundamental issue of this case. Based on the foregoing, the trial court did not err in refusing to allow the defendant to question the plaintiffs attorney.
In summary, we affirm the judgment in all respects.
AFFIRMED.

. Mr. Keyworth is proceeding pro se in this matter. The other named defendant, Patricia Neal Keyworth, has not filed an appeal. Accordingly, the trial court judgment is final as to her.

. With regard to adjustable rate mortgage loans, La.R.S. 9:3504D.(8) provides that ‘‘the interest rate in effect on the date suit is filed shall be fixed as the interest rate on the loan thereafter and no further adjustment in the rate shall be made....” Therefore, as the interest rate was 12.25% on the date the petition was filed, this rate will apply until the note is paid in full.

. Funk & Wagnalls, Standard College Dictionary (Text Edition 1963).