# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2024

Lyle W. Cayce
Clerk

No. 23-30374
Summary Calendar

———————————

IN THE MATTER OF ROYAL ALICE PROPERTIES, L.L.C.,

*Debtor*,

PICTURE PRO, L.L.C.,

*Appellant*,

*versus*

ARROWHEAD CAPITAL FINANCE, LIMITED,

*Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-4165

———————————————————————————

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30374

Picture Pro, L.L.C. appeals the district court's order affirming the bankruptcy court's denial of Picture Pro's motion for redemption of litigious rights. On appeal, Arrowhead Capital Finance, Ltd. moved for sanctions against Picture Pro and its counsel. For the reasons set forth below, we AFFIRM the district court's order and DENY Arrowhead's motion for sanctions.

## I.   Background

This appeal arises out of a bankruptcy proceeding for Royal Alice Properties, LLC (the "Debtor"). The Debtor owns three properties in New Orleans, Louisiana, and its sole income derives from leasing such properties. *In re Royal Alice Props., LLC*, No. 19-12337, 2020 WL 5357795, at *2 (Bankr. E.D. La., Sept. 4, 2020). In 2019, the Debtor filed a petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code to stay a foreclosure on its real estate assets. *Id.* at *4. The bankruptcy court subsequently ordered the appointment of a Chapter 11 trustee (the "Trustee"). *Id.* at *11.

As relevant here, two parties filed adversarial claims during the bankruptcy proceeding. First, Arrowhead initiated a claim against the Debtor, alleging that it was liable for the unsatisfied obligations of its affiliates against which Arrowhead had obtained money judgments. *Id.* at *4. Second, the Trustee filed claims against Picture Pro and Royal Street Bistro LLC for, inter alia, unpaid rent for the occupancy of the leased properties. The Trustee subsequently filed a motion for summary judgment regarding Arrowhead's claim, which the bankruptcy court granted. The bankruptcy court then denied Arrowhead's motion for reconsideration, and Arrowhead appealed.

While Arrowhead's appeal was pending, the Trustee sought approval of a settlement under Federal Rule of Bankruptcy Procedure 9019. The agreement provided that, in exchange for Arrowhead dismissing its appeal,

the Trustee would assign to Arrowhead the rights for the claims the Debtor had against Picture Pro and Royal Street Bistro. Picture Pro opposed the settlement and filed a motion for redemption of litigious rights under Louisiana Civil Code Article 2652, seeking to redeem the assigned rent claims. The bankruptcy court approved the settlement on September 21, 2022. The court subsequently denied Picture Pro's redemption motion on October 13, 2022.

On October 21, 2022, Picture Pro appealed to the district court, seeking review of the bankruptcy court's September order approving the settlement and October order denying the redemption motion. The district court dismissed the portion of the appeal seeking review of the September order because it was untimely.[1] The district court later affirmed the bankruptcy court's denial of Picture Pro's redemption motion because Picture Pro had not shown that it met the requirements of Article 2652. Picture Pro timely appealed. Arrowhead subsequently moved for sanctions against Picture Pro and its counsel.

## II.    Jurisdiction & Standard of Review

The district court properly exercised jurisdiction pursuant to 28 U.S.C. § 158(a). We have appellate jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1291.

We review bankruptcy court rulings "under the same standards employed by the district court hearing the appeal from bankruptcy court." *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). Accordingly, "conclusions of law are reviewed de novo." *Id.*

---

[1] Picture Pro did not appeal the district court's dismissal of its challenge to the settlement approval. Accordingly, we address only Picture Pro's appeal of the denial of the redemption motion.

No. 23-30374

## III.  Discussion

### A.  Redemption under Article 2652

Picture Pro asserts that it has the right to redeem Arrowhead's assigned claims against it.  Louisiana Civil Code Article 2652 provides in pertinent part:

> When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.

Here, Arrowhead dropped its appeal in the adversary proceeding against the Debtor in exchange for the litigious right.  Picture Pro claims that because Arrowhead "paid" nothing for the assignment of claims, Picture Pro can redeem the right for "zero dollars."  But the lack of a definite price renders Article 2652 inapplicable.  Louisiana courts have consistently held that "transfer of a litigious right subject to the provisions of LSA–C.C. art. 2652 must be made in consideration of a price."  *Martin Energy Co. v. Bourne*, 598 So.2d 1160, 1162 (La. Ct. App. 1992).  Accordingly, "only sales and onerous transfers in which a price can be determined are contemplated by the codal provisions governing litigious redemption."[2]  *Id.*; *see also Charrier v. Bell*, 380 So.2d 155, 156 (La. Ct. App. 1979) ("The fact that Art. 2652 speaks of interest on the real price leads to the conclusion that it was intended to include only those transfers that were made in return for the payment of a certain amount

---

[2] Picture Pro relies on *Calderera v. O'Carroll* to argue that it is only required to pay the noncontingent sum Arrowhead paid for its claim, which is zero.  551 So. 2d 824 (La. Ct. App. 1989).  In *Calderera*, the assignee of the litigious right paid both a fixed price and a percentage of what it could recover from the claim.  *Id.* at 826.  The court found that the redemption price was only the fixed amount because the contingent amount was merely a "hope."  *Id.* at 827.  Here, by contrast, Arrowhead did not agree to pay the Debtor a percentage of its recovery, nor did it pay a fixed price to render Article 2652 applicable.

in money."), *writ denied*, 382 So.2d 165 (La. 1980); *Asset Integrity Mgmt. Sols. v. Bourgeois*, 2023 CA 0530, 2023 WL 8266308, at *3 (La. Ct. App. Nov. 15, 2023) ("If the creditor should transfer his claim without setting a price, it is not clear why litigious redemption should apply." (internal quotation marks and citation omitted)).

Because Arrowhead did not pay a determined price for the assignment of claims, the price is not zero, but rather, the redemption code does not apply.  Accordingly, Picture Pro's attempt to redeem the claims for "zero dollars" fails.

### B.  Sanctions

Arrowhead seeks sanctions against Picture Pro and its counsel on the basis that Picture Pro's appeal is frivolous, delayed, and pursued in bad faith. Federal Rule of Appellate Procedure 38 gives us discretion to award sanctions if an appeal is frivolous.  But we have held that an appeal is frivolous "only if the result is obvious or the arguments of error are wholly without merit and the appeal is taken in the face of clear, unambiguous, dispositive holdings of this and other appellate courts." *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 463 n.12 (5th Cir. 2017) (internal quotation marks and citation omitted).  Although we disagree with Picture Pro's assertion, it provided logical arguments and case law supporting its position, and the Louisiana Supreme Court has not addressed the issue. Further, Picture Pro largely remedied its initial filing errors.  We thus decline Arrowhead's request for sanctions.

### IV.    Conclusion

For the reasons set forth above, we AFFIRM the judgment of the district court denying Picture Pro's appeal from the bankruptcy court. Arrowhead's motion for sanctions is DENIED.